CASE 20—PROCEEDING TO CONDEMN LAND—FEB. 27.

# Elizabethtown L. & B. S. R. R. Co. v. Catlettsburg Water Co.

110 175<br>j 111 231

APPEAL FROM BOYD CIRCUIT COURT.

JUDGMENT FIXING VALUE, AND BOTH PARTIES APPEAL.   AFFIRMED.

EMINENT DOMAIN—APPEAL TO CIRCUIT COURT—AMENDMENT TO PETITION—ACCEPTANCE OF AMOUNT AWARDED IN COUNTY COURT—ESTOPPEL TO CLAIM MORE ON APPEAL—DAMAGES TO REMAINDER OF PROPERTY—CROSS APPEAL—LIMITATION—ESTOPPEL TO DENY RIGHT TO CONDEMN.

Held:   1. Upon appeal to the Circuit Court by the plaintiff in a condemnation proceeding, the court did not abuse its discretion in refusing to permit plaintiff to file an amended petition seeking to condemn a smaller part of defendant's lot than that described in the original petition, as the amendment came so late that it might have materially affected the issue to be tried, and necessitated a delay of the trial.

2. Defendant, by accepting under an agreed order the amount awarded in the county court, and executing a bond for its return so far as it might be in excess of the sum adjudged on appeal to the circuit court, was not estopped in the Circuit Court to claim more than that amount, as the statute required the case to be tried anew in the Circuit Court; but as he permitted plaintiff to take possession of the land condemned, and proceed with the building of its bridge at a large cost, he was estopped in the Circuit Court to question the right of plaintiff to condemn the property.

176          KENTUCKY REPORTS.          [Vol. 110

Elizabethtown L. & B. S. R. R. Co. v. Catlettsburg Water Co.

3. Evidence as to the damages to the remainder of defendant's property from the construction and operation of the railroad, and from the obstruction of the ingress to and egress from the property, was admissible, as such damages form a part of the compensation guaranteed by the Constitution.

4. The limitation of two years applicable to original appeals does not apply to a cross appeal, which, under Civil Code Practice, section 755, may be obtained any time before trial.

WADSWORTH & COCHRAN, FOR APPELLANT.

### CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES.

1. In a proceeding to condemn land an amended petition reducing the quantity of land sought to be condemned is proper and should be permitted to be filed before trial of case before jury in Circuit Court. Randolph Eminent Domain, sec. 354; Ind., &c. Ry. Co. v. Rineheart, 43 N. E., 238; 5 C., 14 Ind. App., 588; Fletcher v. Chicago, &c., Ry. Co., 69 N. W., 1095; Packard v. Bergin, &c., Co., 54 N. J. L., 563; Chicago, &c. Co. v. Joliet, &c., R. R. Co., 105 Ill., 388; Hayes v. Ottawa R. R. Co., 373; McGregor v. Eq. Gas Co., 139 Pa., 230.

2. In a proceeding to condemn land the land owner is not entitled to have allowed any damages to his property not taken by reason of the construction and operation of the railroad upon other land than that sought to be taken. He can only be allowed, such damages thereto as are occasioned by the use the land proposed to be taken is to be put. As to such other damages he must bring an independent suit and the condemnation proceeding is no bar to their recovery. Eaton v. Boston, &c., R. R. Co., 12 Am. Rep., 147; Mills on Eminent Domain, sec. 217: Randolph on Eminent Domain, secs. 163, 164; Lewis on Eminent Domain, secs. 293 and 568; St. Louis, &c. v. Harris, 47 Ark., 340; Delaware & Canal v. Lee, 22 N. J. L., 243.

3. A cross appeal can not be granted after two years from the rendition of the judgment appealed from.

4. An addition can not be made to a bill of exceptions, prepared by one party of evidence introduced and exceptions taken on trial before jury in condemnation proceedings pursuant to leave granted, of the evidence introduced and exceptions taken on trial by court of exceptions to Commissioners' Report on behalf of other party.

5. Appellant had legislative authority to condemn appellee's property. See 835, Ky. Statutes.

Elizabethtown L. & B. S. R. R. Co. v. Catlettsburg Water Co.  ·

6. To deny an application to condemn property because not neces-
sary it must clearly appear that there is an abuse of the power
to condemn. Lewis on Eminent Domain, 393.

7. Where the Legislature has designated how much may be taken,
question whether more is taken than is necessary can not be
considered by court if amount taken is within quantity pre-
scribed by Legislature. Lewis on Eminent Domain, sec. 393.

8. ·Quantity sought to be ·condemned in this proceedings is within
·amount prescribed by Legislature. Sub-division 4, section 768,
Ky. Statutes.

9. Property devoted to one public use may be taken by condemna-
tion proceedings for another public use. Chicago, &c. Ry. Co.
v. Starkweather, 97 Ia., 159.

10. Not necessary that grant to take property devoted to a public
use for another public use should be express or exist by neces-
sary implication where the public use to which it is devoted is
not destroyed. Thompson on Corporations, vol. 4, sec. 5619;
Chicago, &c., E'y Co. v. Starkweather, 97 Ia., 159.

11. Appellee had no right to question appellant's right to condemn
the property at the time and under the circumstances it sought
to question it. By its conduct it had waived its right to do so.

ADDITIONAL BRIEF. BY WADSWORTH & COCHRAN, FOR APPEL-
LANTS.

## CLASSIFICATION.

1 Appellee's cross-appeal should be dismissed because it was not
prosecuted in time; had no bill of exceptions and no motion
for a new trial. Chamberlain *et al.* v. Berry's Exr., 56 S. W.
Rep., 659; Brown v. Vancleave, 86 Ky., 381; St. Paul, &c. R. R.
Co. v. State, 22 A. & E. R. R. Cases, 94; Civil Code of Practice,
sec. 332; Civil Code of Practice, sec. 340; Seeley v. Potter, 11
Rep., 485; Weir v. Decker, 11 Rep., 523; Haacke v. Conrad, 12
Rep., 797; Martin v. L. & N. R. R. Co., 12 Rep., 985; Cecil v.
Brannin, 14 Rep., 923; American M. A. S. v. Bronger, 91 Ky.,
406; Harbor v. Harris, 8 Rep., 965; Yager v. Chipley, 4 Rep., 266.

2. Appellee estopped to prosecute any appeal. Ency. of Pleading &
Practice, vol. 7, 473; Reed v. Louisville Bridge Co., 8 Bush., 60;
Sand Creek L. I. Co. v. Davis, 17 Colo., 326.

3. Appellee waived right of appeal by accepting the award in the
County Court. Ency. of Pleading & Practice, vol. 7, 632; Mis-
sissippi, &c. R. R. Co. v. Byington, 14 Iowa, 572; Rentz v. De-
troit, 48 Mich., 544; Matter of New York, etc., Ry Co., 39 ·Hun.,
(N. Y.) 338; B. & O. R. R. Co. v. Johnson, 84 Ind., 502, and
cases cited by Justice Niblack. See A. & E. R. R. Cases, vol. 10,

408; Twombley v. Chicago, &c., R. R. Co., 31 S. W., 81; Brown v. Vancleave, 86 Ky., 387; Klosterman, &c. v. C. & O. Ry. Co., 56 S. W., 820; Elliott on Railroads, sec. 962; Boom Co. v. Patterson, 98 U. S., 403.

4. On the merits appellee's cross-appeal must fail. St. Paul, &c. Ry. Co. v. State, 22 A. & E. R. R. Cases, 94; McCoy et al. v. Covington T. Ry. Co., 56 S. W., 993; Ency. of Pleading & Practice, vol. 7, 644; Matter of U. E. R. Co., 113 N. Y., 275; Act of March 1st, 1854, sec. 3; Act of January 29, 1869, sec. 12; Act of February 25, 1882, sec. 1; Act of March 27, 1882; Act of February 16, 1880, sec. 7; Port Huron, etc., R. Co. v. Voorheis, 14 A. & E. R. R. Case, 227; Ency. of Pleading & Practice, vol. 7, 589, note.

5. Legislature determined the question of necessity. Mill on Eminent Domain, sec. 11; Kentucky Statutes, sec. 768, Sub-Div. 4; Croley v. St. Louis, &c. Ry. Co., 56 S. W., 615.

6. The judgment of the Boyd Circuit Court should be reversed:

(1.) Because appellee could not have its damages increased above the amount it received as payment in the County Court. Twombly v. Chicago, &c., Ry. Co., 31 S. W., 81; Fort Worth Ice Co. v. Chicago, &c., Ry. Co., 33 S. W., 159.

(2.) Because it refused to permit appellant to file its amendment of December 19, 1895. Randolph on Eminent Domain, sec. 354; Lewis on Eminent Domain, sec. 357; Ency. of Pleading & Practice, vol. 7, 540, 541, 542; Ency. of Law, vol. 6, 612; Schuylkill, etc., N. W. Co. v. Diffebach, 1 Yeates (Pa.) 367; Matter of Prospect Park, &c., R. Co., 67 N. Y., 371; Penn. R. Co. v. Bunnell, 81 Pa. St., 414; Portland, &c., T. P. Co. v. Bobb, 88 Ky., 226; Halbert, &c., v. Maysville, &c., R. R. Co., 98 Ky., 661; Cases cited in 38 A. & E. R. R. Cases, 461.

7. The judgment of the Boyd Circuit Court should be reversed because it suffered the jury to consider evidence as to the effect of jars and vibrations caused by the operation of trains over the crossing of appellee's lot and over the whole viaduct upon appellee's adjacent property and upon appellee's property not on its own grounds, but upon the public landing and in the big sandy river and largely in West Virginia, and as to cinders thrown on the property, not taken, by trains on the viaduct and not on appellee's property, and as to the effect on appellee's property from obstructions of streets and alleys built in the same, which streets lead to appellee's property. Chicago, &c., R. R. Co. v. Hopkins, 90 Ill., 316; Mix v. Lafayette, &c., R. R. Co., 67 Ill., 319; Mill on Eminent Domain, sec. 217; Eaton v. R. R. Co., 12 A. Rep., 147; Randolph on Eminent Domain, secs. 163-4; Lewis on Eminent Domain, secs. 293 and 568; St. Louis, &c., R. R. Co.

v. Harris, 47 Ark., 340; Delaware, &c., Canal Co. v. Lee, 22 N. J. L., 243; Hall v. Cin., &c., R. R. Co., 1 Disney (Ohio.), 58.

8. Boundary between Kentucky and West Virginia. Virginia Act, 1776 (9 Hen. State at large, 25); Virginia Act, 1789 (13 Hen. State at large, 17); U. S. Act, Feb., 4, 1791, admitting Kentucky; Kentucky Compact Act, Dec. 12, 1799 (2 Litt., 276), and Virginia Act, Jan. 13, 1800 (vol. 2, Va. Stat. at large, new series, 234); Constitution of West Virginia, 1872, art. 11, sec. 1; Handley's Lessees v. Anthony, 5 Wheat., 279-80; Ingersoll v. Howard, 13 Howard, 412; Indiana v. Kentucky, 136 U. S., 479.

F. T. D. WALLACE, FOR APPELLANTS.

### SUMMARY.

1. Cross appeal should be dismissed.

(1) Because not taken in time. Brown v. Van Cleave, 86 Ky., 381; Chamberlain v. Berry's Ex'r., 56 S. W., 659; Ency. Pl. & Pr., vol. 2, p. 255; Farrar v. Churchill, 135 U. S., 609; Mannix v. Purcell, 19 N. E., 572; Wade v. Kimberly, 5 Ohio Cir. Ct. Rep., 33.

(2) Because appeal should have been taken from judgment that appellant had a right to condemn. St. Paul, &c., Ry. Co. v. State, 34 Minn., 277; Brown v. Vancleave, 86 Ky., 381.

2. Judgment should be affirmed on cross appeal:

(1) Appellee has no bill of exceptions as to evidence heard on trial of exceptions by circuit court. Blodgett v. Utica, &c., R. Co., 64 Barb., 580; People v. Torres, 38 Cal., 141; Ency. Pl. & Pr., vol. 3, pp. 385-386.

(2) Decisions of condemning party not questionable as to necessity unless bad faith on his part in matter of location. Ency. of Law (2d ed.), vol. 10, p. 1057; N. Y. Cent., &c., R. Co. v. Metropolitan Gas Co., Hunn, 201; Lewis on Eminent Domain, sec. 393.

(3) Decision as to quantity taken not open to question. Ency. of Law (2d ed.), vol. 10, p. 1057; Lewis on Eminent Domain, sec. 393; Cooley v. St. Louis, &c., Ry. Co., 56 S. W., 615.

(4) Right to condemn small piece of ground though part of appellee's plant. Ency. of Law (2d ed.), vol. 10, pp. 1094-1095; Thompson on Corporations, vol. 4, sec. 619; Chicago, &c., R. R. Co. v. Storkweather, 97 Ia., 159; N. Y. C. & H. R. R. Co. v. Met. Gas Co., 63 N. Y., 325; Ky. Stat., sec. 835.

(5) Appellee estopped to deny appellant's right to condemn on the appeal to the circuit court. Mississippi, &c., R. R. Co. v. Byington, 14 Ia., 572; B. & O. R. R. Co. v. Johnson, 84 Ind., 502; Brown v. Vancleave, 86 Ky., 381; Twombly v. Chicago,

&c., Ry. Co., 31 S. W., 81; Fort Worth Ice Co. v. Chicago, &c., Ry. Co., 33 S. W., 159.

3. Judgment should be reversed on the appeal.

(1) Because appellee not entitled on appeal to circuit court to greater damages than the amount allowed in county court. Mississippi, &c., R. R. Co. v. Byington, 14 Ia., 572; B. & O. R. R. Co. v. Johnson, 84 Ind., 502; Twombly v. Chicago, &c., Ry. Co., 31 S. W., 81; Fort Worth Ice Co. v. Chicago, &c., Ry. Co., 33 S. W., 159.

(2) Because appellant entitled to file amended petition rejected by the court. Randolph on Eminent Domain, sec. 354; Lewis on Eminent Domain, sec. 357; Ency. Pl. & Pr., vol. 7, pp. 540-541-542; Ency. of Law (2d ed.), vol. 6, p. 612; Schuylkill, &c., R. R. Co. v. Diffenbach, 1 Yeates, 1367; Matter of Prospect Park, &c., R. Co., 67 N. Y., 371; Ind., &c., Ry. Co. v. Rinehart, 43 N. E., 238; Packard v. Bergue, &c., Co., 69 N. W., 1095; Chicago, &c., Co. v. Joliet, &c., R. R. Co., 105 Ill., 388; Hayes v. Ottawa R. R. Co., 54 Ill., 373; McGregor v. Eq. Gas Co., 139 Pa., 230.

(3) Because evidence as to effect of construction and operation of railroad not on land sought to be condemned, incompetent, and instruction requiring jury to make allowance for same, erroneous. Eaton v. Boston, &c., R. R. Co., 12 Am. Rep., 147; Mills on Eminent Domain, sec. 217; Randolph on Eminent Domain, secs. 163-164; Lewis on Eimnent Domain, secs. 293-598; St. Louis, &c., R. Co. v. Harris, 47 Ark., 340; Delaware, &c., Canal v. Lee, 22 N. J. L., 243.

THOMAS R. BROWN, ATTORNEY FOR APPELLEE.

The commissioners appointed by the county court to view the premises and assess the value of the land taken and damages to the residue, appraised the part taken at $1,280, and assessed the resulting damages at $3,521, making a total of $4,804. To this report the railroad company and the water company both excepted, the railroad company denying said land was of that value and the resulting damages excessive.

The water company in its exceptions—

1. Alleged said findings were too low.

2. Denying the right and authority of the railroad company to have such condemnation.

3. Denying that said land was necessary for the uses and purposes of said railroad in making approaches to the bridge or for any purpose.

4. Because the property sought to be taken is property upon which is located the pumping plant and machinery of the water company, and necessary to be operated to supply water to the

Vol. 110]        JANUARY TERM, 1901.            181

Elizabethtown L. & B. S. R. R. Co. v. Catlettsburg Water Co.

city of Catlettsburg and the local public in the enjoyment and
exercise of a public franchise and that such use of the land by
the railroad company would seriously impair and obstruct the
ability of the water company to perform its contract with said
city and its duty to the public.

A jury trial was had in the county court who returned a ver-
dict fixing the value of the land at $500 and damages at $4,-
500—total $5,000. The railroad company prayed an appeal to
the circuit court. It tendered the $500 as the value of the land
which was refused by the water company. It then paid $5,200
into the county court to cover the assessment and costs. By
consent of parties the water company borrowed on bond with
security the $5,000, to be held subject to the order of the court,
and thereupon the railroad company prosecuted its appeal to
the Boyd Circuit Court, where, upon a retrial, the jury re-
turned a verdict fixing the value of the land at $1,000, and dam-
ages at $6,636—total $7,636. The railroad company appealed
to this court and the water company prosecutes a cross appeal.

In support of the contention of appellee, as herein outlined, we
rely upon the following:

### AUTHORITIES CITED.

Pumpely's Case, 13 Wallace, 166; Eaton Case, 57 N. H., 504
12 Am. Rep., 147); Trowbridge v. Brooklyn, 144 Mass., 139;
Esterle v. J. M. & I. R. R. Co., 13 Bush., 667; 10 Bush., 282 and
382; 91 Ky., 487; 87 Ky., 391; 86 Ky., 298; 88 Ky., 226; 8 Bush,
681, Helm case; Casey Case, 4 Dana; Kemper Case, 14 Bush, 87;
Rolling Mill Case, 3 Bush, 416; City of Glasgow, &c., v. Hunter,
2 R., 82; Sedgwick on Measure of Damages, sec. 1102; Randolph
on Eminent Domain, secs. 136, 163, note 3; 155, 157, 181, 196,
198; Penn. R. R. Co. v. Miller, 132 U. S.; Chicago v. Taylor,
125 U. S., p. 162; 6 Am. & Eng. Ency., 604, 543, 590, 591, 634;
Stickey v. C. & O. Ry. Co., 13 R.; New Constitution, secs. 211
and 242; City of Henderson v. McClain, 19 R., p. 1452; 80 Ky.,
259; Greenwood Turnpike Co. v. Bobb, 88 Ky., 226; Ky. Stats.,
sec. 839; Marion v. Louisville & St. L. R. R. Co., 90 Ky., 491;
Lewis on Eminent Domain, sec. 393; Twombly v. Chicago R. R.
Co., &c., 31 S. W., 81; Asher v. L. & N. R. R. Co., 87 Ky., 391;
W. Va. P. & T. R. R. Co., &c., v. Gibson, 15 R., 7; City of Lud-
low v. Detwetter, 20 R., 894.

JOHN F. HAGER, FOR APPELLEE.

ANALYSIS OF ARGUMENT AND AUTHORITIES IN SUPPORT
OF ITS SEVERAL PROPOSITIONS.

1. The presumption of law is against the right of one corporation
to take property of another corporation devoted to, or affected by,

182 . KENTUCKY REPORTS. [Vol. 110

Elizabethtown L. & B. S. R. R. Co. v. Catlettsburg Water Co.

public use. Necessity for the taking must be affirmatively shown. Inconvenience, greater expense to the party condemning, avoidance of curve or other matter presenting the mere question of money or skill, fall short of the legal standard of necessity. L. & N. R. R. v. Whitley County Court, 95 Ky., 219; Lewis on Eminent Domain, secs. 276, 266; N. Y. C. & H. R. R. R. Co., 63 N. Y., 326; Railroad Co. v. R. R. Co., 61 Vt. (s. c., 1 Am. St., Rep., 885); N. C. Co. v. G. C. L. Co., 37 Md., 537; Split Rock Cable Road, 128 N. Y., 408; State v. Montclair, 45 N. J. L., 328; Randolph on Eminent Domain, secs. 177, 181; Extension of Second Street in Columbia, 23 Pa., 346; Penn. Railroad's Appeal, 93 Pa. St., 150; Appeal of Pittsburg Junction R. R. Co., 122 Pa. St., 511 (s. c., 9 Am. St. Rep., 128); Lake Shore, &c., R. R. Co. v. N. Y. & C. R. R. Co., 8 Fed. Rep., 858; St. Louis, &c., R. R. Co. v. Illinois Institution for Blind, 43 Ill., 305.

2. Actual necessity and an effort, in good faith, to obtain the identical property by contract are conditions precedent to the exercise of the right of condemnation. These are jurisdictional facts to be stated by the applicant at the outset. Failure in this regard must result in dismissal of the proceedings. Portland & Greenwood Turnpike Co. v. Bobb., 88 Ky., 266; Lewis on Eminent Domain, secs. 357-361; Ky. Stats., sec. 835, et seq.

3. Omission to aver inability to contract can not be cured by amendment. (Authorities last above cited); Burbage v. Squires, 3 Met., 77; Willis v. McNeal, 8 Ky. Law Rep., 411.

4. The only averment of necessity and inability to contract with owner is in respect to strip of land 55x25 feet. The subsequent admission by amended petition as well as by statement of counsel that but 7x19 feet is necessary to its use, defeats the entire proceeding. Abbott's Trial Brief, p. 76.

5. The proceeding at bar being one for the exclusive use and benefit of a foreign corporation, contravenes. Sec. 211 of the Constitution; Present Constitution of Ky., sec. 211; Lewis on Eminent Domain, secs. 238, 242; Chattaroi Ry. v. Kinner, 81 Ky., 221.

While a lease of the property and franchise of a corporation does not affect corporate right to condemn, section 211 of the Constitution excludes a foreign corporation from the benefit of any such proceeding.

6. In condemnation proceedings, more especially since the adoption of the present Constitution of Kentucky, the owner is entitled to compensation for property damaged or injured by exercise of the right. Present Constitution, sec. 242; Lewis on Eminent Domain, 221 to 232; Columbia, &c., Bridge Co. v. Giesse, 35 N. J. L., 558; M. Carthy's Case, 7 E. & I. App., 243-252; Rigney

Vol. 110]     JANUARY TERM, 1901.     183

Elizabethtown L. & B. S. R. R. Co. v. Catlettsburg Water Co.

v. Chicago, 102 Ill., 64; Chicago v. Taylor, 125 U. S., 161; Gaines-
ville H. & W. R. Co. v. Hall, 78 Tex., 169 (s. c., 9 L. Rep., 298);
Lake Erie & W. R. Co. v. Scott, 132 Ill., 439 (s. c., 8 L. R. A.,
330); City of Henderson v. McClain, 19 Ky. Law Rep., 1450.

7. The destruction of easements of appellee in adjoining property
vibration caused by operation of trains upon the viaduct, ejec-
tion of soot, smoke and cinders and the effects of these causes
upon appellee's property, are, each and all, elements of com-
pensation which appellee may and must recover in condemna-
tion proceedings as for property *taken* in the sense of the con-
stitutional provision that private property can not be taken for
public use without compensation first made. Eaton v. Boston,
&c., Ry. Co., 12 Am. Rep., 147; Lewis, secs. 53, 56, 51 N. H., 504;
Pumpelly v. Green Bay, &c., Canal Co., 80 N. S., 166; Fulton
v. Short Route Ry. Co., 85 Ky., 640; L. & H. R. R. Co. v. Finley,
86 Ky., 294; Stickley v. C. & O. Ry., 93 Ky., 323; (first appeal,
same case), 43 S. W., 731; Davidson v. New Orleans, 96 U. S.,
102; Hall v. Peebles, 57 Ills., 307.

8. The necessity for taking property in condemnation proceedings
is a judicial question to be determined by a court, jury or
judicial tribunal. The constitutional limitation that there shall
be necessity for the taking must be read into section ——, Ken-
tucky Statutes, by construction and as limiting exercise of the
power to take "not exceeding one hundred feet in width," &c.,
to such as shall be necessary with 100 feet as the maximum
amount. Tracy's case, 80 Ky., 259; Reid v. Louisville, &c., Co.,
8 Bush, 69; Bobb v. Turnpike Co., 88 Ky., 226, and cases cited in
note to Lynch v. Forbes, 42 Am. St., 408.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee owns a lot 60 by 120 feet on the bank of the
Big Sandy river, upon which is its plant for furnishing the
city of Catlettsburg with water. On July 23, 1894, appel-
lant filed its petition in the Boyd County Court to con-
demn a triangular piece off of the southwest corner of ap-
pellee's lot, 55 feet by 25 feet, containing 687½ square
feet. Commissioners were appointed, who on August 10th
returned a report assessing the value of the land taken at
$1,283, and the damages to the remainder of the tract at
$3,521, making a total for the whole of $4,804. Both par-

184        KENTUCKY REPORTS.        [Vol. 110

Elizabethtown L. & B. S. R. R. Co. v. Catlettsburg Water Co.

ties filed exceptions to the report of the commissioners, and a trial was had in the county court before a jury, who returned a verdict fixing the value of the land taken at $500, and the damages to the remainder at $4,500, making a total of $5,000. Appellant prosecuted an appeal from the county court to the circuit court, and the case was there again tried before a jury at the December term, 1895. This jury returned a verdict fixing the value of the land taken at $1,000, and the damages to the remainder of the tract of $6,636, making a total of $7,636. Judgment was entered in the circuit court pursuant to the verdict on January 2, 1896. Both parties excepted and prayed an appeal, but neither took an appeal until December 28, 1897, when the appellant sued out an appeal in this court. On January 5th following, appellee sued out a cross appeal.

In the judgment of the county court, after that part of it granting an appeal to the circuit court, and reciting that appellant had paid into court the amount of the judgment, and that the clerk was directed to hold it subject to the orders of the court, the following agreed stipulation was entered: "By consent of parties hereto the clerk of this court is directed to allow the defendant, the Catlettsburg Water Company, to withdraw the sum of $5,000 deposited with him, upon said Catlettsburg Water Company executing bond, with good surety, to be approved by the judge of this court, conditioned to hold same subject to the order of the court herein, and to the order of any court to which these proceedings may be carried by appeal, and if, upon a final determination of this proceeding upon appeal, the damages of the defendant should be adjudged to be less than said sum of $5,000, then it will refund to plaintiff the difference between said sum and the amount so adjudged." Appellee executed bond pursuant to this order, and with-

drew the money.  The bond, after reciting the order made in the county court, reads as follows: "Now, we, the Catlettsburg Water Company, as principal, and W. A. Patton, William Seymour Edwards, and Thos. R. Brown, sureties, do hereby covenant to and with said Elizabethtown, Lexington & Big Sandy Railroad Company that the said Catlettsburg Water Company, now electing to withdraw said sum of five thousand dollars, as allowed to do by said judgment, will hold same subject to the order of the court in this action, and to the order of any court to which this proceeding may be carried by appeal, and if, upon a final determination of this proceeding upon appeal, the damages of the defendant, Catlettsburg Water Company, should be adjudged to be a less sum than said five thousand dollars so deposited, then and in that event the said Catlettsburg Water Company, together with the said sureties, whose names are signed hereto, will refund and pay to the plaintiff, the Elizabethtown, Lexington & Big Sandy Railroad Company, the difference between said sum of five thousand dollars and the final sum so adjudged on appeal, if any."

In the circuit court, on October 16, 1895, appellant offered to file an amended petition in which it sought to condemn a smaller triangle off of appellee's lot than that described in the original petition.  The court refused to allow this amendment to be filed, and appellant earnestly complains of the action of the court in rejecting it.  The case had been pending some time, the court has a large discretion as to allowing amendments, and we are not prepared to say that the court abused a sound discretion in refusing an amendment so late in the progress of the cause that might materially affect the issue to be tried, and necessitate a delay of the trial.  And, from the whole

186         KENTUCKY REPORTS.         [Vol. 110

Elizabethtown L. & B. S. R. R. Co. v. Catlettsburg Water Co.

record, we are by no means satisfied that appellant was
materially prejudiced by this ruling.

Appellant also insisted on the trial in the circuit court
that appellee, having accepted the $5,000 under the agreed
order above quoted, and executed the bond for its return
so far as it might be in excess of the final sum adjudged it,
was estopped in the circuit court to claim anything more
than the $5,000.   The statute required the case to be tried
anew in the circuit court.   This entitled appellee to a ver-
dict at the hands of the jury in the circuit court without
regard to the amount adjudged it in the county court. Its
accepting the money under the agreed order and bond
above referred to was not a waiver of this right.   Such
were clearly not the contemplation of the parties at the
time, according to the evidence, and nothing short of an
express waiver of an absolute right of this character could
be sustained.

Appellant also insists earnestly that the court erred in
permitting evidence to go to the jury as to the damages
to the remainder of appellee's property from the construc-
tion and operation of the railroad, and from obstruction
of the ingress to the property, and the egress from it. This
is the most important question in the case, as the court by
its instruction allowed the jury to consider these matters
in estimating the damages, and the verdict of the jury is
plainly based on them in a large measure.   While the
authorities on the subject are not uniform, the weight
of authority and the better reason seem to sustain the
ruling of the court below.   The law abhors a muitiplicity
of actions.   Our Civil Code of Practice is very liberal in
its provisions as to the joinder of causes of action.   The
just compensation which our Constitution guarantees to
appellee for the taking of its property must fairly include

all those injuries to the remainder of its property growing
out of the construction and operation of the road on the
strip taken.   Section 242 provides: "Municipal and other
corporations and individuals invested with the privilege of
taking private property for public use shall make just
compensation for property taken, injured or destroyed by
them; which compensation shall be paid before such tak-
ing or paid or secured at the election of such corporation
or individual before such injury or destruction."     This
subject was fully considered in Eaton v. Railroad Co., 51
N. H., 504, (12 Am. Rep., 147); Trowbridge v. Inhabitants of
Town of Brookline, 144 Mass., 139, (10 N. E., 796), and Rail-
road Co. v. Miller, 132 U. S., 75, (10 Sup. Ct., 34), (33 L. Ed.,
267); and the principles announced sustain Rand. Em. Dom.,
section 136: "Where a corporation condemns a part of a
tract, it is compelled usually to compensate for pretty
much all the effects of construction and operation which
can be fairly said to lessen the value of the remainder."
All the elements of damage admitted in this case legiti-
mately and naturally result from the construction and op-
eration of the railroad on the location in contest, and it
would be practically impossible to separate the damages,
and say which might have ensued if no part of appellee's
lot had been taken, and the right of way had been located
just beyond its borders.   It was not contemplated by ei-
ther the Constitution or statute under which the proceed-
ings were had that the injury should be cut in two, and
part of it recovered in the proceedings to condemn the
property, and part in a separate action.

These are the only errors relied on by the appellant,
and we are therefore of opinion, on the original appeal,
that there is no error in the judgment complained of.   On
the cross appeal it is insisted that appellant is without

authority to condemn property under the statute, as it had leased its road to another company for 250 years; that the land taken is not necessary for its purposes; and that, being already dedicated to public use, it can not be condemned, where to do so will destroy the public use to which it is already dedicated.

The cross appeal was not taken within two years after judgment was rendered, and it is insisted for appellant that it can not, therefore, be considered. Counsel rely on Brown v. Vancleave, 86 Ky., 381, (6 S. W., 25), and Chamberlain v. Berry's Ex'r (Ky.) 56 S. W., 659, as sustaining this conclusion. In Brown v. Vancleave it was held that the judgment from which the cross appeal was taken was not the same as that from which the original appeal was taken, and therefore that the cross appeal did not lie. In that case it was also held that, as the cross appeal was not taken within two years after the judgment it sought to reverse was entered, it could not be sustained as an original appeal, and it was therefore dismissed. In Chamberlain v. Berry's Ex'r the chancellor's judgment was affirmed on the original and cross appeals on the facts, and no ruling was made on the motion to dismiss the cross appeal. The question before us is therefore not determined by either of these cases. Section 755 of the Code of Practice provides: "The appellee may obtain a cross-appeal at any time before trial by an entry on the record of the court of appeals." A cross appeal can not be obtained until the original appeal is taken, and, by the express words of the statute, may be taken thereafter "at any time before the trial." Section 745 limits the time of appeals to two years after the right of appeal first accrues, but this section applies to original appeals. It can not apply to a cross appeal, for that can not be taken before

the original appeal is had. The clear purpose of the statute was to give this court entire control of the merits of the case where an appeal was taken and the appellee sued out a cross appeal. The motion to dismiss the cross appeal is therefore overruled.

It is also insisted for appellant that appellee is estopped to raise the questions above stated by reason of its accepting the $5,000 under the agreed order, and allowing appellant to go on and take possession of the strip condemned, and proceed with the building of its bridge, at a cost of something like $400,000. The proof shows that no writ of possession was issued from the county court, but that, after the agreed order was made, appellee itself removed its building from this part of the lot, and suffered appellant to take possession of it, and without objection, proceed to the building of its bridge at great cost. The transaction does not seem capable of any other construction than that appellee agreed to take the money and let appellant take the property, and that the sole question to be tried on the appeal in the circuit court was the amount appellee was entitled to. Appellee not only did not appeal from the judgment of the county court, but it suffered appellant, without any process, and plainly by its agreement, to take possession of the property for the purpose of building its bridge upon it. It can not, therefore, raise any questions as to the right of appellant to condemn the property. The judgment complained of is therefore affirmed on the original and the cross appeals.