[No. 9195.    Department Two.    December 10, 1910.]

## In the Matter of the Application of
## CHARLES W. LITTLEFIELD.[1]

PHYSICIANS AND SURGEONS—LICENSES—DECISION OF MEDICAL BOARD —APPEAL—REVIEW. Rem. & Bal. Code, § 8399, providing for an appeal to the superior court from the decision of the medical board refusing a physician a license to practice, the court on appeal has a right to administer the provisions of the medical act relating to examinations.

SAME—QUESTIONS OF FACT—TRIAL DE NOVO. An appeal from the decisions of the medical board refusing a physician a license to practice, under Rem. & Bal. Code, § 8399, giving a general right to appeal as in other cases, brings up for review all questions of fact, notwithstanding expert evidence may be required to determine the qualifications of the applicant, in view of the provisions requiring a trial *de novo*, and that the examination papers be a part of the record, and that the case stand for trial as an ordinary civil action.

APPEAL—TRIAL DE NOVO—ISSUES. The requirement of a trial *de novo* on appeal to the superior court, only requires a trial upon the matters in issue.

Appeal from a judgment of the superior court for King county, Holcomb, J., entered April 19, 1910, upon findings in favor of the applicant on appeal from a decision of the board of medical examiners, directing the issuance of a license to practice medicine and surgery. Affirmed.

*Howard G. Cosgrove* and *Higgins, Hall & Halverstadt,* for appellant.

*E. P. Dole,* for respondent.

DUNBAR, J.—Charles W. Littlefield, the respondent, filed a written application with the board of medical examiners of the state of Washington for a license to practice medicine and surgery in this state, under the provisions of chapter 192 of the session laws of the state of Washington for 1909, page 677 (Rem. & Bal. Code, § 8386 *et seq.*). An examination was

[1]Reported in 112 Pac. 234.

given the applicant pursuant to said act, and upon said examination the board refused to grant the license applied for. Thereafter the applicant appealed to the superior court for King county. After hearing the case, the court entered its judgment, directing the board to issue the license applied for. The court made findings of fact and conclusions of law.

The record shows that the license was refused by the board principally for the reason that the applicant did not obtain a rating equal to sixty per cent on the subjects of histology, pathology, and general diagnosis, which he was required to obtain under the statute before a license could issue to him. The other subjects upon which the law provides for an examination are anatomy, physiology, chemistry, toxicology, bacteriology, gynecology and obstetrics, and hygiene. It is the contention of the appellant, first, that the court had no jurisdiction to hear this case; that it could not administer the provisions of the medical act as applied to appeals from orders of the board denying a license after examination, because it is asserted that it is familiar law that, if the court cannot administer the law on a subject brought before it by virtue of the appellate statute, the court has no jurisdiction, and many cases are cited to sustain this announcement of the law. But this is assuming the very question at issue. It seems to us that, under the statute, the court has the right to administer the provisions of the medical act, for the statute specially provides for an appeal from the decisions of the board. Section 13 of the act provides:

"In any case of the refusal or revocation of a license by the said board under the provisions of this act, the applicant whose application shall be so refused, and the licentiate whose license shall be so revoked by said board, shall have the right to appeal from the decision so refusing or revoking such license within thirty days after the filing of such decision in the office of the secretary of said board, as hereinbefore in this act provided. Such appeal shall be to the superior court in and for the county in which was held the last general meeting of said board, prior to the refusal of such license," etc. Rem. & Bal. Code, § 8399.

And provision is made in the statute for an appeal from the decision of the superior court to the supreme court. It is contended by the appellant that, if this statute is to be given force at all, it must be construed to the effect that the appeal is not from the facts in the case or the merits of the case, so far as the examination is concerned, but only for the purpose of having determined any questions of law arising on the examination or in connection with the same. But the statute is a general one, and confers the general right without any limitations of this kind. So far as the statute itself is concerned, it does not remove from the operation of the appeal questions of fact, any more than it does questions of law.

But it is insisted that it must be construed with reference to the asserted fact that it would be a travesty for the superior court to undertake to pass upon the qualifications of applicants to practice medicine; that it would resolve itself simply into the hearing of expert testimony on questions brought before the court. Difficulties of this kind are presented in the trial of many cases. A common instance is where a defense is based upon the alleged insanity of a defendant in a criminal action. The testimony of alienists and other scientists is the controlling testimony in the case. The legislature evidently was not willing to leave the exclusive and final determination of this question to the discretion of the examining board, but evidently thought that justice and public policy demanded that there should be a review of the action of this tribunal.

It is true, there are some inconsistencies in the act; one of which is the fact mentioned by the appellant that there may be an oral examination which it would not be possible to transmit in the record. But that it was intended by the legislature that the evidence generally should be transmitted to the superior court is evident from the provisions of the statute, for the law requires that the secretary shall, within ten days after the service of such notice of appeal, transmit to the clerk of

the superior court to which such appeal is taken, a certified copy, under the seal of said board, of the decision of said board, and the grounds thereof in the case of the refusal of the license; that the clerk of the court shall docket such appeal cases, and that they shall stand for trial in all respects as ordinary civil actions, and like proceedings be had thereon. It also provides that upon such appeals said causes shall be tried *de novo*, which excludes the idea advanced that only questions of law shall be passed upon by the superior court. It provides that the examination papers shall form a part of the records of the board, and shall be kept on file by the secretary for a period of one year after each examination. All these and other provisions of the statute tend to show that the preservation of such records is in the interest of appeal.

But it is contended by the learned counsel for the appellant that, if the statute is to be literally construed, the proper procedure was not followed in this case, for the court only passed upon the question in the main as to whether the applicant had been properly rated in his examination on the subjects of histology, pathology, and general diagnosis; while the other subjects on which the applicant was examined were not examined by the superior court; that a trial *de novo* is a trial anew, and that a trial anew means the trial of all the questions that were involved in the case below. But it seems to us that this is not a broad view of this statute. Undoubtedly a trial *de novo* does mean, and is generally understood to mean, a trial anew; but it means anew, of course, only as to the questions in issue. This court tries equity causes *de novo*, but if the court in an equity case makes findings of fact, and those findings of fact are not excepted to and no issue is tendered concerning them, it would be idle for this court to spend its time in determining whether the findings were properly made. In this case, so far as the respondent is concerned, he is satisfied with the rating he received on the other subjects of examination, and there is no objection made to them by the appellant. So that they are really not

in issue in the case, and the case was tried *de novo* so far as the issues were concerned.

In some minor particulars, such as the standing of the college from which the applicant received his diploma, and one or two other technical requirements in the presentation of his application, some little objection is made to the findings of the court. But we are satisfied that the findings were substantially justified by the testimony.

Finding no reversible error, the judgment will be affirmed.

RUDKIN, C. J., CROW, CHADWICK, and MORRIS, JJ., concur.