**William Marshall BULLITT et al.,
Appellants,**

v.

**COMMONWEALTH of Kentucky (Acting
by and through its DEPARTMENT
OF HIGHWAYS) et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

Samuel L. Greenebaum, Thomas S. Dawson, Bullitt, Dawson & Tarrant, Louisville, for appellants.

Charles W. Dobbins, County Atty., J. W. Jones, Asst. County Atty., Louisville, for appellees.

CAMMACK, Judge.

On June 27, 1951, the Commonwealth brought suit against the appellants, Mr. and Mrs. William Marshall Bullitt, in the Jefferson County Court to condemn (for highway purposes) a strip of land owned by them. While the proceedings were pending, the appellants, by a deed dated August 3, 1951, and delivered August 29, 1951, conveyed to the Commonwealth the land sought by it. The deed was delivered after a written agreement had been entered into between the appellants and the Commonwealth. Under the agreement, the Commonwealth promised to prosecute promptly the pending condemnation pro-

ceedings in order to determine the compensation and damages to be awarded the appellants. All rights of appeal, and all other remedies of every kind allowed by law, were reserved by both parties. The Commissioners appointed by the County Court made an award of $22,670 to the appellants. On January 16, 1952, the Jefferson County Court adjudged that the Commonwealth had the right to condemn the appellants' property, and ordered the Commonwealth to pay all costs and the award of $22,670. The Commonwealth excepted to the award and appealed to the Jefferson Circuit Court on the ground that the award was excessive. The appellants filed no exceptions to the Commissioners' Report; nor did they appeal or cross-appeal from the County Court judgment. The first trial in the Jefferson Circuit Court resulted in a hung jury. For the next trial Joseph J. Hancock was appointed as Special Judge, and a retrial was assigned for June 1, 1953. On that day the Commonwealth moved to confess judgment in favor of the appellants in accordance with the judgment entered in the Jefferson County Court, and to dismiss its appeal. Those motions were sustained over the objections of the appellants. The appellants' motion for a new trial was overruled, and an appeal to this Court was granted.

The appellants argue that they were entitled to a trial *de novo* on the issue of damages once the Commonwealth perfected its appeal from the judgment of the County Court, and that their rights to seek a higher award could not be prejudiced by the Commonwealth's failure further to prosecute the appeal; nor by its dismissal of the action. In support of their contentions, the appellants rely upon a provision of the old Civil Code of Practice, C.C. § 726, which provides that appeals from county courts "shall be tried anew, as if no judgment had been rendered"; and upon C.C. § 730, which gives the appellee the option of proceeding to trial on the appeal if the appellant moves to dismiss or fails to prosecute his appeal.

.· The appeal to the Circuit Court in this action was taken under KRS 416.280, and was governed by the provisions of the old Civil Code of Practice except where the statute, either specifically or by necessary implication, provided otherwise. See KRS 416.310. Under KRS 416.280, when an appeal is taken, there must be filed with the Clerk of the Circuit Court a statement of the grounds of appeal, which grounds must contain any exceptions the appellant has to the award made by the Commissioners. The appeal is to be tried *de novo*, but is limited to questions raised by the statement of grounds of appeal. The appellants argue that, under C.C. § 726 and C.C. § 730, they were entitled to a *de novo* trial, and had the option of proceeding to trial when the Commonwealth moved to dismiss. Hence, they assert that their substantial rights were prejudiced when the Commonwealth successfully moved to dismiss its appeal; and when Special Judge Hancock dismissed their motion to proceed to trial. As authority for the proposition that on a trial *de novo* of the question of adequacy of the Commissioners' award, the appellee need not himself appeal in order to present proof and recover more in the Circuit Court than was awarded in the County Court, the appellants cite Elizabethtown, L. & B. S. R. Co. v. Catlettsburg Water Co., 110 Ky. 175, 61 S.W. 47, 22 Ky.Law Rep. 1632; Black Mountain Corporation v. Appleman, 236 Ky. 510, 33 S.W.2d 327; and Gulledge v. Texas Gas Transmission Corporation, Ky., 256 S.W.2d 349. The first two cases involved the construction of statutes which provided simply that either party might appeal to the Circuit Court, and that the appeal should be tried *de novo*. The statutes involved in the first two of the cases cited, Ky.Statutes, § 839 and Ky.Statutes, § 3779a–4, contemplated a complete *de novo* trial on the issue of damages. Neither contained the specific limitation of KRS 416.280; namely, " * * The appeal shall be tried *de novo* but shall be limited to the questions which are raised in the original statements of the grounds of appeal. * * *" The Gulledge case states merely that if the landowner is not satisfied with the Commissioners' award, he may attack it only by appeal to the Circuit Court. It is not authority for the proposition that the landowner may have issues determined in the Circuit Court which he does not himself raise by appeal.

We agree that the question of *excessiveness* of damages was to be tried *de novo* on appeal; both the appellants and the Commonwealth were free to introduce evidence, whether presented in the County Court or not, in support of their respective positions. This does not mean that issues not raised on the appeal may later be injected. While "trial de novo" on appeal means a trial anew, it only requires a new trial as to questions in issue, and not a re-examination of matters concerning which there was no dispute. In re Littlefield, 61 Wash. 150, 112 P. 234. The appellants, having failed to appeal from the judgment of the County Court, cannot be heard to complain that rights, which their own lack of action destroyed, were no longer before the Circuit Court for adjudication; nor do we see that the dismissal of the Commonwealth's appeal in any way prejudiced the appellants, since the only right lost was that of the Commonwealth to seek reduction of the award. The question of inadequacy of damages awarded was not before the Circuit Court.

Judgment affirmed.