## Waggoner, et al. v. Commonwealth.

(Decided January 20, 1925.)

### Appeal from Lawrence Circuit Court.

1. Eminent Domain—Verdict of $700.00 in Proceedings to Condemn Land for Highway Purposes Held Not Flagrantly Against Evidence.—Verdict of $700.00 in proceedings to condemn defendant's land for highway purposes, under Kentucky Statutes, sections 4356t-5, 4356t-7, held not flagrantly against the evidence so as to authorize reversal as inadequate.

2. Eminent Domain—Admission of Evidence in Condemnation Proceedings Not Prejudicial in View of Instructions Given.—Admission of evidence in proceedings to condemn property for public highway, that proposed highway would enhance the value of the land from 25 to 50 per cent, and other evidence that it would detract from value, held not prejudicial in view of instructions given, fully protecting the rights of both parties.

CAIN & THOMPSON and VANOVER & CARTER for appellants.

THOS. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General, and DYSARD & MILLER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Acting for Lawrence county and by virtue of the provisions of section 4356t-7, Ky. Statutes, the county attorney of Lawrence county instituted condemnation proceedings in the name of the Commonwealth of Kentucky against T. W. and Margie Waggoner for the purpose of acquiring a right of way through their farm for state highway project 6, section 4356t-5.

Commissioners were duly appointed who reported damages in the sum of $150.00. Exceptions were filed to that report and the trial in the county court resulted in

a verdict of $300.00. On appeal to the circuit court verdict and judgment were rendered for $700.00 and defendants appeal, insisting that the court erred in the admission of evidence, and that the verdict is not sustained by the evidence.

Appellants own a farm extending for a mile on Big Sandy river and containing 186 acres, consisting of approximately 50 acres of bottom land and the other of hill land, the bottom not extending all the way.

At present the county road runs entirely through the farm. It follows the side of the hill next to the Big Sandy river until the bottom sets in and then runs in the bottom along the foot of the hill the rest of the way. The dwelling faces the county road and is situated on the side next to the river. A short distance from the house on the same side of the road is a frame storehouse, and still lower down on the same side of the road is a 40'x60' stock barn. Running along the side of the yard next to the road is a concrete walk four feet in width extending from the yard gate 156 feet to the storehouse, and in this is planted an iron fence. Along the side of the yard and close to the fence are three apple trees. On the opposite side of the road from the storehouse is a warehouse, about 30x40 feet in size. A site for this was obtained by cutting down the hill in the rear of the building.

The old right of way is about thirty feet in width. The proposed highway has a minimum width of 50 feet and in some places is wider. Its general course follows that of the old road, though not identical with it. As staked it will include the walk and a strip from 9 to 16 feet in width of the yard, taking in the fence and all the apple trees mentioned. It will also take the porch and six feet from the front of the storehouse on the opposite side of the road, and a part of the barn and warehouse. The storehouse can easily be moved back, but to move the barn and warehouse is more difficult, if not impossible, but both of these are quite old and dilapidated, though the barn has a new roof.

Appellant's witnesses testify that it will also be necessary to build his fences anew on either side of the road. They estimate the present value of the property at $16,000.00, and excluding any enhancement to it by reason of the prudent construction and operation of the proposed road, that the value of the remainder would not exceed $8,000.00, if the part condemned is taken in

this action.   In other words that the direct damage to the property by the taking of the strip mentioned including the injury to the residue would be $8,000.00. They itemize different claims of direct damage in support of this conclusion.

On the other hand the witnesses for the Commonwealth place the value of the farm at a much less figure and the damage thereto under the conditions above indicated at less than the verdict of the jury.   They also fix each item of damage at a much less figure than that fixed by appellant.   It further appears that during the litigation appellant has contracted for a sale of the land, he states for about $15,000.00 without disclosing the exact amount.   Presumably it was not less than that figure, and that sum, taken together with the judgment of the court practically equals the value that he fixes on the entire property in its undamaged state.   However that may be, this question was submitted to the jury under admittedly proper instructions and it cannot be said that their verdict was so flagrantly against the evidence as to authorize a reversal on that point.

Attention is called to the fact that the jurors, as taxpayers of Lawrence county, were called upon to assess an amount of damages to be paid by themselves.   It is conceded under the authority of City of Pikeville v. Riddle, 191 Ky. 231, that they were qualified to act in that capacity; but an inference of bias is drawn, and it is argued that for this reason the court should more carefully scrutinize certain evidence which it is claimed was incompetent.   The position taken is that under such circumstances any incompetent evidence is prejudicial. The evidence alluded to is the testimony of several witnesses for the Commonwealth that the prudent construction and operation of the proposed highway would enhance the value of the land in question from 25% to 50%.

On the same line appellant introduced evidence to the effect that the operation of the proposed highway would cause dust to be raised and settle on his residence and other buildings and thereby detract from the value of the property.   His witnesses also testified that in the construction of the proposed highway his hill pasture opposite his house would be cut down in such a way that he would have to walk around about one-fourth of a mile to reach his milk gap; and from the manner in which the evidence was introduced it is difficult to determine

whether it was intended as evidence of direct damage to the residue of the land thereby decreasing its value or as an item of consequential damage which he was claiming in addition to the decreased value of the realty.

Concededly direct damages to the realty cannot be diminished by anticipated enhancement to result from the construction and operation of the highway, though the latter can be set off against the consequential damages arising therefrom.

But this question was covered and the rights of both parties fully protected by the instructions which read:

"No. 1.   You will find for defendants such sums as you may believe from the evidence a reasonable value of the strip of land considered in relation to the entire tract and also such other damage, if any, as you may believe from the evidence will directly result to the remainder of the tract by reason of the position in which it is placed by the taking of the strips, and for the moving of buildings and fences, but your finding under this instruction should not exceed in all the amount which you my believe from the evidence is the difference between the market value of the remainder immediately before and the market value immediately after the taking of said strips, excluding from both these estimates any enhancement of the value of the remainder by reason of the prudent building and operation of the road.

"No. 2.   The court further instructs the jury that they should also take into consideration all the advantages and disadvantages which may be reasonably anticipated to result from the prudent construction and operation of the proposed highway, and if the balance be against the owner of the land, then to the extent it diminishes the market value they should also find for them incidental damages or enhancement of the land in value from the prudent construction and operation of said highway equal or exceed the incidental disadvantages; or depreciation in value they should find for the plaintiff only the direct damages as set out in the first instruction."

Perceiving no error, the judgment is affirmed.