## Bailey v. Harlan County.

Oct. 31, 1939.

George R. Pope for appellant.

Bert O. Howard, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, Fannie Bailey, is appealing from a judgment rendered on a verdict allowing her the sum of $600 for the taking of a part of her land for highway purposes. She was allowed the sum of $2,500 on the trial of the cause in the county court. The appellee herein, Harlan County, appealed from that judgment, and on the trial in the circuit court the judgment for $600 herein complained of was rendered.

The chief ground upon which reversal is urged is that the trial court erred in failing and refusing to permit the appellant to prove the value of the 2.27 acres of land taken for right of way purposes. Complaint is also made that the court exhibited partiality toward the appellee during the trial, and that error was committed in allowing the appellee to introduce incompetent testimony. Question is raised as to the instructions given by the court, but they were not objected to at the time of the trial.

The appellant owns a farm consisting of approximately 75½ acres in an isolated section of Harlan County. About 15 acres of the farm is bottom land which lies between a small river and a mountain. The remainder of the land is referred to as rough hill or mountain land. An old road runs along the bank of the stream. The new road, for which the strip of appellant's land was condemned, goes across the bottom land for a short distance at one end, and then runs around the foot of the hill. There are no deep cuts or high fills, and only a 40 foot strip of land was condemned. The new road takes part of the appellant's garden plot and runs near her orchard, damaging one tree therein. There is no merchantable coal on the land. It appears that most of the timber has been removed from the land, though there is testimony that some trees large enough for timber were removed from the right of way. On the whole, however, the trees taken appear to have been of little value. It was agreed that the whole farm consisting of 75½ acres was assessed for taxation purposes at $1,800.

The record indicates that the court was under the impression throughout the trial that the measure of damages is determined by "what is the fair, reasonable, cash market value of this land immediately before the strip is taken, and the fair, cash market value immediately after it is taken." The two instructions given by the court, however, follow the instructions found in Hobson's Instructions to Juries under the chapter on Eminent Domain, page 284, Section 249. These instructions, and instructions in substantial compliance with them, have been approved in a number of cases by this Court. See Commonwealth v. Combs, 244 Ky. 204, 50 S. W. (2d) 497; Commonwealth v. Powell, 258 Ky. 131, 79 S. W. (2d) 411; Perry County v. Riley, 268 Ky. 325, 104 S. W. (2d) 1090. An examination of the first two cases just cited will reveal circumstances in which instructions on "consequential damages" were not deemed necessary. See also the case of Broadway Coal Mining Co. v. Smith, 136 Ky. 725, 125 S. W. (2d) 157, 26 L. R. A., N. S., 565, for a discussion of the measure of damages in proceedings where property is condemned for public purposes.

Notwithstanding the trial judge's statements as to the measure of damages, there is proof in the record as to the value of the strip of land taken. The appellant stated that her bottom land was worth $1,000 an acre. A witness for her stated on cross-examination that he would estimate the value of the strip of land taken at $2,300. The commissioners who inspected the land when the action was first instituted were permitted to testify as to how they arrived at their recommendation of $500 for direct damages. They stated that they valued the strip of land taken at $100 an acre, and that they allowed $250 to $300 for fencing. They expressed the view that there would be no consequential damages because the farm would be worth more after the road was built than it was before. Estimates of the cost of fencing made by witnesses for the appellant ranged from $300 to $700.

After the case was stated, both parties moved to allow the jury to view the premises. This motion was sustained and the jury was taken to the premises. We have before us, therefore, a situation where certain minor errors were committed during the progress of the trial both as to the statements of the trial judge as to his conception of the measure of damages, and as to the

admission and exclusion of certain evidence. On the other hand there was competent testimony as to the elements making up the measure of damages in such proceedings, the jury was properly instructed as to the measure of damages, and also the jury saw first hand the conditions and circumstances pertaining to the highway right of way through appellant's property. Under the circumstances peculiar to this case we are of the opinion that we would not be warranted in reversing it, because we do not believe that the appellant's substantial rights were prejudiced by the errors pointed out. Waggoner v. Commonwealth, 206 Ky. 703, 268 S. W. 317; Webb v. Kentucky & West Virginia Power Co., 216 Ky. 64, 287 S. W. 232.

The jury members having visited the premises had a right to form opinions of their own as to the direct damages to the appellant's land, as well as the consequential advantages or disadvantages to the part remaining. Furthermore, the assessing of damages in proceedings such as the one before us is within the peculiar province of the jury, and we will not set aside their finding where it is supported by substantial evidence. Lexington & E. Ry. Co. v. Sumner, 196 Ky. 788, 245 S. W. 849; Webb v. Kentucky & West Virginia Power Co., supra. As indicated, it is our view that the jury made a reasonable and fair award for the appellant, and also that her substantial rights were not prejudiced because of the errors heretofore mentioned.

Wherefore, for the reasons given herein, the judgment is affirmed.