## Parsons v. Gibbs.

May 13, 1941.

B. J. Bethurum and C. J. Walker for appellant.

Kennedy & Kennedy for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Dr. Ernest Parsons owned two adjoining lots fronting some 100 feet on Maple Street in Somerset, in 1925. His residence was on one of the lots. In July, 1925, he sold the vacant lot to M. A. Gibbs. The deed described that lot as follows:

"Fronting on Maple Street, formerly Crab Orchard Street, West side thereof and described as follows: Adjoining and lying on the North side of the lot now owned by the said Ernest Parsons and bounded as follows, to-wit: Beginning on the Northeast corner of said Parsons' lot thence in a northerly course parallel with said street 50 feet to a stake, thence a westward course parallel with said Parsons' lot 100 feet to a stake on the East side of an alley, 15 feet wide, thence a southerly course par-

allel with said alley 50 feet to the Southwest cor-
ner of the said Parsons' lot thence an easterly
course with the said Parsons' northern line 100 feet
to the beginning."

The deed to the lot which Parsons kept also calls for 50
feet fronting on Maple Street. Gibbs built a house on
his lot, which was higher than that of Parsons. Difficul-
ties soon arose between these parties involving the wash-
ing of rocks and trash from the Gibbs lot on to the Par-
sons lot. Gibbs proposed to Parsons that they build
jointly a stone wall. This offer was refused by Parsons.
Finally Gibbs built such a wall. By that time the feel-
ing on the part of Parsons was such that he would not
permit the workmen to stand on his property while con-
structing the wall.

Being of the opinion that a part of the wall was
on his property, Parsons instituted this ejectment pro-
ceeding. Gibbs set forth in his answer, among other
things, that:

"When the defendant purchased his said lot from
the plaintiff, the plaintiff cut a place in the concrete
sidewalk at the northeast corner of said lot on
Maple Street and fifty feet south said mark, he cut
another mark in the said sidewalk, that after the
making of said marks and the laying off of the fifty
foot lot which he was selling to the defendant, he
executed a deed of conveyance conveying said fifty
feet between said marks to the defendant with cove-
nant of general warranty of title; that the defend-
ant immediately after the purchase of said fifty feet,
took possession thereof and has retained possession
ever since, and that no part of his said wall is built
on the plaintiff's lot, but that said wall is built en-
tirely on the defendant's own lot, and between said
marks in said sidewalk."

Parsons filed a reply denying the affirmative matter in
Gibbs' answer. The issues were joined and proof was
offered in support of the claims of each party.

The strip of land in dispute is approximately four
inches wide at the front and 11 inches at the rear. A
surveyor who testified for Parsons, after testifying on
direct examination that by measuring from Cherry
Street it was necessary to extend beyond the lower side
of the wall in order to get Parsons' 50 feet fronting

on Maple Street, said on cross examination that it was 49.9 feet between a mark on the sidewalk which was about the center of the hedge between Gibbs' lot and the lot above him to the mark on the sidewalk at the lower side of the wall (next to Parsons' lot); that it was 50 feet from an iron pipe at the rear upper corner of Gibbs' lot, which was located "just about on a line with the hedge," to the upper corner of Parsons' garage; and that Parsons' lot fronted 50.27 feet on Maple Street from the mark on the sidewalk at the lower side of the wall to the turn in the sidewalk at Cherry Street. The owner of the lot adjoining that of Gibbs on the north testified that the iron pipe referred to had been there since 1919, and was on the line between his and Gibbs' lots. Parsons testified that an iron pipe on the line between his and Gibbs' lots at the rear had been moved. There is confusion in the record as to the width of Cherry Street, and it appears that Parsons is using some five feet of the right of way because the surveyor who testified for him said that the property being used by Parsons fronted 55 feet on Maple Street. There is other testimony relating to the boundary line between the Gibbs and Parsons lots, including statements by a party who built the wall, that Parsons said it was about on the line, though Parsons testified that he objected to the location of the wall at the time it was built. Of course, there was conflict in the testimony of Gibbs and Parsons as to reference to the marks on the sidewalk at the time of the purchase. The jury was taken to the premises in order that its members might better understand the controversy. The trial resulted in a verdict and judgment for Gibbs.

Parsons is insisting that the judgment should be reversed because (1) the court erred in instructing the jury; (2) incompetent evidence was admitted; and (3) the verdict is flagrantly against the evidence.

The instructions given follow:

"1. You will find for the plaintiff and award to him the strip or land in controversy four inches wide at the east end and twelve inches wide at the west end, unless you believe from the evidence that previous to the time the defendant Gibbs purchased the lot from the plaintiff Parsons, the plaintiff Parsons showed him the two cut places in the concrete sidewalk, and represented to Gibbs that the land be-

tween the said two cut places was the lot he was selling him, and that Gibbs has taken possession of no more than the land between said marks in the front end no more than fifty feet in the rear; or unless the jury shall believe from the evidence that when the lines of the Gibbs lot are correctly located, Gibbs has no more than fifty feet on the front and rear of his lot; and if you shall so believe either of the latter states of case, you will find for the defendant.

"2. The Court instructs the jury that the plaintiff, Ernest Parsons, has shown title to the tract of land embraced in the boundary set out in his deed, which boundary is as follows: (There follows a description of the lot) And if the jury believe from the evidence that the land in dispute lies within said boundary they should find for the plaintiff and unless they so believe they should find for the defendant."

The objection to instruction No. 1 is that there is neither pleading nor proof upon which to base it. It is insisted that the part of Gibbs' answer heretofore quoted is not sufficient to constitute a plea of estoppel. Be that as it may, we think the instruction was proper. An issue was made as to the marks on the sidewalk and both parties offered proof as to them. While it is true that the deed made no reference to marks on the sidewalk, it did provide "Beginning on the Northeast corner of said Parsons' lot, thence in a northerly course parallel with said street (Maple) 50 feet to a stake. * * *" It is Gibbs' contention that the marks on the sidewalk indicated the corners of his lot on Maple Street. Parsons does not deny that he sold Gibbs a 50-foot lot. In this connection we can not refrain from saying that this dispute, as we understand it, involves the boundary between the lots owned by Gibbs and Parsons. Parsons owned both of the lots and sold a lot with a 50-foot frontage on Maple Street to Gibbs. Therefore, the testimony as to the width of Cherry Street, the street below Parsons' lot, and the boundary of Parsons' lot thereon, has little, if any, bearing on the question directly involved. It is significant that the surveyor who testified for Parsons predicated his direct testimony upon measurements beginning at Cherry Street, yet on cross examination, in answer to the question, "As a surveyor, isn't it impos-

sible to locate Cherry Street from the City Plat?,'' he said, ''You can't tell the true width of the Street.'' It follows from what has been said that it is our view that there was both pleading and proof upon which to base instruction No. 1.

The evidence toward which objection is directed relates to an alleged statement made some 20 years ago by a party now deceased in regard to Cherry Street. Assuming, without deciding, that this evidence was incompetent, we do not think its admission was prejudicial to Parsons' substantial rights, because, as we have already indicated, this controversy involves the location of the line between the lots owned by Parsons and Gibbs. The location and the width of Cherry Street and the location of Parsons' boundary thereon has no direct bearing on the question before us. We have noted that it is not disputed that Gibbs was to get 50 feet on Maple Street and there is proof that the frontage of his lot on that street is not quite that wide. In any event, a question was raised for the jury, and after viewing the subject of the controversy the jury found for Gibbs. As pointed out in the cases of Rust v. City of Newport, 284 Ky. 567, 145 S. W. (2d) 511, and Bailey v. Harlan County, 280 Ky. 247, 133 S. W. (2d) 58, we are reluctant to disturb the verdict of a properly instructed jury, especially where the jury visited the premises involved in the litigation.

It is next insisted that the verdict is flagrantly against the evidence. It is obvious from what has already been said that it is our view that there was ample evidence to support the finding of the jury. Therefore, we find no basis for this complaint.

Judgment affirmed.