COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Will YATES et al., Appellees.

Court of Appeals of Kentucky.

Oct. 16, 1964.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., C. E.

Skidmore, Dept. of Hwys., Frankfort, for appellants.

Holland G. Bryan, Paducah, for appellees.

DAVIS, Commissioner.

In this condemnation proceeding the appellees were awarded judgment for $8,000 pursuant to jury verdict. Appellant challenges the judgment on two grounds: (1) The evidence fails to support the verdict, and (2) erroneous admission of evidence that market value had been diminished because of limitation of access to the highway.

The original tract from which the right of way is being acquired contained 25 acres. It had frontage of about 775 feet on a state maintained gravel road, known as the Ross Ferry Road. The taking is of 6.17 acres off the entire frontage; the depth of the taking is about 270 feet on average. At the time of the taking there existed one roadway from the tract to the Ross Ferry Road; this entrance was located at the northeastern corner of the land. Incident to the taking, the appellant has provided an entrance from the newly built limited access highway (U.S. 62) which "ties in" to the entrance as it formerly existed.

At the time of taking, the 25-acre tract was unimproved; the surface of the land was thickly wooded. Topographically, the front portion of the original tract abutted the Ross Ferry Road in such manner that an entrance road from the tract to the highway could have been made at any point along the frontage. As noted, however, only one such entranceway was in existence at the time of taking. After the taking, a cut averaging 26 feet in depth runs along the new frontage of the land remaining.

For appellees it was shown that although the 25-acre tract had not been cleared or cultivated at the time of taking, it nevertheless had potential as a subdivision site. Indeed, the witnesses for appellees said that the highest and best use of the land was for development of residential or commercial sites. The waters of Barkley Lake,

presently being developed, will reach a point slightly west of the subject property. The city limit of relocated New Kuttawa is also near appellees' land; the shopping center site in New Kuttawa is 1075 feet from appellees' property.

The old Ross Ferry Road will dead-end at the water's edge of Barkley Lake. The new construction for U.S. 62 is to be a limited access four-lane project; however, present construction plans are limited to two lanes, lying nearest to appellees' land. The testimony of appellee Yates and the witnesses he presented lays heavy emphasis on the fact that prior to the taking access to the Ross Ferry Road could have been had at any point along the 775 feet of frontage. Appellant moved for the exclusion of the portions of testimony of appraisal witnesses which attributed damage by reason of loss of access. The trial court overruled such motions and permitted the evidence to be considered by the jury.

It is settled that affording reasonable access to the highway system will preclude a property owner's claim for damages for depreciation in value of his land, asserted because an existing more convenient road has been closed. Dept. of Highways v. Jackson, Ky., 302 S.W.2d 373.

In Com., Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104, the reasonable access principle was reaffirmed. Moreover, in Carlisle we pointed out that access to the highway system is subject to control under the police power of the state. It was there recognized that the exercise of the police power must be a reasonable one, and the exercise of such power is to be tested by measuring the benefit to the owner against the hazard and danger to the traveling public. It was also noted in Carlisle that such weighing of benefit to the owner against hazard to the public is to be done on the basis of the *present* use of the property—not a prospective use. Inasmuch as the use of appellees at the time of taking was by one entranceway, serving an in-

active, unoccupied woodland, we deem the Jackson and Carlisle rules controlling here. Therefore, appellees were not entitled to recoup any diminution in market value occasioned by restriction of access—if the remaining access to the highway system is a reasonable one.

Appellee Will Yates testified that the new access road provided to him is on a "right smart grade"—a "pretty steep grade" —whereas the former entrance was virtually level and at grade with the old road. However, none of the witnesses for appellees undertook to relate their opinions of damage for loss of access to the situation of the entranceway, but based their opinions on loss of frontage access. Apart from this slight displeasure with the grade of the entrance, no attack is made on its adequacy; there is no showing that the entrance provided is unreasonable.

The trial court committed reversible error in failing to strike the evidence putting loss of access as a damage factor. Com., Dept. of Highways v. Tyree, Ky., 365 S. W.2d 472.

This view of the case makes is unnecessary to consider whether there was sufficient evidence to support the verdict.

Appellees point out that the jury viewed the premises, hence the verdict should be weighed in light of such view. Our attention is directed to Bailey v. Harlan County, 280 Ky. 247, 133 S.W.2d 58; City of Winchester v. Spencer, Ky., 352 S.W.2d 929; Com., Dept. of Highways v. Heath, Ky., 354 S.W.2d 752, and cases of like import. However, we do not consider those cases ruling here. Clearly the jury's view of the premises could not correct the error of their being permitted to receive the evidence relating to loss of access. This is particularly true in light of the court's rulings allowing such evidence in face of appellant's objections.

The judgment is reversed for proceedings consistent with this opinion.