**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Margaret B. COOPER, Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Reed D. An-

derson, Madisonville, Thomas L. Withers, Henderson, for appellant.

William L. Sullivan, Henderson, for appellee.

MOREMEN, Chief Justice.

This case involves the condemnation of land belonging to appellee, Margaret B. Cooper.

Appellee's land is an unimproved rectangular lot 295 feet in depth and 324.5 feet fronting on U. S. Highway 41, near the city of Henderson. The land taken is 71 feet in depth across the entire frontage and consists of twenty-four per cent of the entire lot. On this particular property an extra 10 feet was taken from the edge of the former right-of-way leaving the property retained by appellee 10 feet farther back from the edge of the right-of-way than the adjoining properties.

The commissioners in the county court awarded $20,000 for the taking and on appeal to the circuit court, the jury returned a verdict of $14,750. The commonwealth claims this sum is so excessive that it appears to have been given under the influence of passion and prejudice.

The two witnesses introduced by the commonwealth stated that in their opinion the difference between the before and after values was $4250 and $4608. The three witnesses for appellee gave the following estimates: $27,625; $21,125; and $22,750.

■ In Pierson v. Commonwealth, Ky., 350 S.W.2d 487, it was said:

"The legal criteria for determining whether an award in a condemnation proceeding is inadequate or excessive are similar to those that govern in common law actions. Where the amount is within the range of conflicting testimony, and thus has tangible evidentiary support, it will be sustained unless it is palpably inadequate or excessive.

Nichols on Eminent Domain, Vol. 5, § 17.3. In such cases it is said that the jury's assessment of damages will not be set aside if it is 'supported by substantial evidence.' Bailey v. Harlan County, 1939, 280 Ky. 247, 133 S.W.2d 58, 60; Lexington & E. Ry. Co. v. Sumner, 1922, 196 Ky. 788, 245 S.W. 849, 850."

■ The commonwealth complains that the verdict is based upon "testimony that is so incredible and contrary to common knowledge as to be without evidentiary value"—but we do not find it so. The property owner, Mrs. Cooper, demonstrated that she had considerable knowledge of real estate values. A witness, Mr. Hunt, a realtor and a member of the National Realtors' Association, had engaged in the real estate business in Henderson County for about sixteen years. Mr. Fryer had engaged in the real estate business as a licensed broker for approximately twenty years. It seems to us that these witnesses had more than common knowledge—they were in fact experts and their testimony was substantial and sufficient. It supports the jury's verdict.

All the witnesses agreed that the highest and best use of the property was commercial. Appellant contends, however, that Mrs. Cooper should not have been permitted to testify over objections as to specific commercial uses of the property. When questioned as to a specific use she answered that before the taking it was suitable for the site of a high quality motel, and later expressed her opinion that it could not be used for that purpose after the taking. However, her estimation of its value was not based upon this consideration alone. She was familiar with the sale price of other property on U. S. Highway 41, in and around this property, and properly gave the fair market values of the property immediately before and after the taking.

■ It is proper for a witness to testify as to all uses for which property is suit-

able and adaptable so long as it is connected with the question of market value. Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302. We do not believe this reference to a specific use influenced the jury to any extent because the true value of the property was firmly established by other evidence.

Another witness also testified as to its adaptability for a motel site before the taking and explained that the loss of almost one-fourth of this lot affected the market value after the taking because of the loss of parking space. However, these expert witnesses arrived at their valuation of the property by using the comparative sales approach. On cross-examination, appellant brought out that this lot could be used for other purposes, such as for a filling station. We believe the jury was entitled to consider all these things. We do not accept the premise that the mere suggestion of a specific use as a motel site was sufficient to cause the jury to disregard all other evidence and base its verdict on fantasy. We certainly do not find that the opinions expressed by these witnesses were based solely and primarily on an improper factor. Commonwealth, Dept. of Highways v. Shaw, Ky., 390 S.W.2d 161.

■ Appellant next contends that the witnesses for the landowner were unable to give sufficient bases for their opinions of values. We do not agree. The witnesses based their opinions in the main upon values established by comparative sales in the community, and if appellant had wanted more detailed information, the bases of the witnesses' opinions should have been examined upon cross-examination.

■ Finally, it is stated that the court erred in giving an instruction which merely required a finding of the difference in the before and after values, but no finding as to the values used by the jury for before and after in making their computation. In Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302, decided March 12, 1965, when discussing this same question, we said:

"In view of the fact that the instruction as given in this case did submit the question of the difference in the 'before' and 'after' values, as prescribed by our decision in the Sherrod case, supra, we announce herein that from the effective date of this opinion the suggested form shall be used; but this opinion shall not be considered to affect the validity of instructions given in other form prior to the effective date thereof."

The above opinion was rendered about two years after the trial of the case under consideration.

We believe this case was fairly tried and a just result reached.

■ In Commonwealth, Dept. of Highways v. Vaughn, Ky., 390 S.W.2d 146, 147, we made a statement which should be repeated:

"In nearly all litigation errors occur which blemish the record and they did here, but they were not dwelt upon or pushed to the point where they obviously prejudiced or misled the jury. The reasonableness of the judgment is the dominant question, and not the tangential errors or miscues which may have occurred during the trial. Trial errors are persuasive only when they strongly indicate that the verdict is unreasonable or is based upon noncompensable factors."

Judgment affirmed.