COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

QUALITY OIL COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

March 27, 1970.

**398**

Don Duff, Dept. of Highways, Frankfort, Hugh J. Convery, Madisonville, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees. .

DAVIS, Commissioner.

The Department of Highways condemned a lot owned by appellees near the southern boundary of Henderson on U. S. Highway 41. The jury fixed the value of the property, all of which was taken, at $85,000. The Department has appealed, asserting that the verdict is palpably excessive and not supported by evidence of sufficient probative value.

The lot had frontage of 270 feet on U. S. Highway 41; its rear boundary line was 220 feet, and its side lines were 130 and 137 feet. There was situated on the lot a service station which was constructed in 1963, less than four years before the taking date. Only 185 feet of the frontage was used for the service station, leaving a commercially available vacant lot with 85 feet of frontage. Photographs in the record confirm the testimony to the effect that the service station was a modern one of substantial size and value.

Evaluation witnesses related widely varying opinions of value. The Department's two witnesses fixed it at $51,000 and $57,000; three witnesses offered by the landowners expressed opinions of value ranging from $105,000 to $107,000. The jury awarded $85,000 which is $28,000 more than the highest estimate by the Department and $20,000 less than the lowest figure expressed for the landowners. Since the award was well within the range of the values stated in evidence, the verdict may not be regarded as excessive unless it appears that the evidence in support of it lacks sufficient probative value for that purpose. Com. Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, 475; Com. Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922, 925; Com. Dept. of Highways v. Cooper, Ky., 397 S.W.2d 47, 48.

There was considerable evidence tending to support the proposition that service-station sites on *South* Highway 41 were less in demand and somewhat cheaper than such sites on *North* Highway 41. All of the

evaluation witnesses referred to a sale of a filling-station site on North 41 which they regarded as a valid comparable sale for appraisement purposes. That was a sale from Griffin to Chaney, to which we shall refer as the Griffin sale. The Griffin sale price was $75,000. There was a service station on that site, but it had been closed and vacant for two or three years before the sale. Although the Griffin property, being situated at an intersection, had frontages on three sides, its frontage on U. S. 41 was only 200 feet vis-a-vis frontage of 270 feet on U. S. 41 of appellees' property. The entire site was being utilized by the service station in the Griffin sale, whereas appellees had a commercial lot site with 85 feet of frontage in addition to the service-station site.

The appraisal witnesses for appellees undertook to explain and account for adjustments in their evaluations as between the condemned property and sales regarded as comparable. The witnesses for the Department did also. The jury had the prerogative of resolving the issue of fact so presented. We find nothing in the record to warrant a conclusion that the evidence presented by appellees was so lacking in probative quality as to leave the verdict without evidentiary support within the rationale of the accepted rules enunciated in Com. Department of Highways v. Tyree, Ky., 365 S.W.2d 472, 475. We have often pointed out that the jury has the function of resolving and reconciling varying estimates as to the comparability of transactions cited in support of appraisement testimony. Stewart v. Commonwealth for Use & Benefit of Dept. of Highways, Ky., 337 S.W.2d 880; Com. Dept. of Highways v. Cain, Ky., 434 S.W.2d 313.

We conclude that the verdict was supported by evidence of sufficient probative value and not excessive.

The judgment is affirmed.

All concur.