## Webb, et al. v. Kentucky & West Virginia Power Company.

(Decided October 12, 1926.)

### Appeal from Floyd Circuit Court.

1. Eminent Domain—Any Error in Procedure in Service of Summons in Condemnation Proceeding Held Not Prejudicial, in View of Defendants' Appearance.—In condemnation proceedings, any error in procedure in service of summons held not prejudicial, where defendants were regularly summoned to answer petition, and appeared in court at time specified, and filed exceptions to report of commissioners.

2. Pleading—Motion in Condemnation Proceedings to Strike Out Part of Petition Relating to Power Company's Right to Cut Timber

Endangering Transmission Lines and to Erect Telegraph and Telephone Lines Held Properly Overruled.—Motion to strike out part of petition relating to plaintiff's right to cut timber endangering transmission lines, and to erect telephone and telegraph lines on easement, held not error.

3. Eminent Domain.—Petition in condemnation proceeding by power company failing to state plaintiff was authorized to sell electricity to public, was cured by verdict, where such purpose was proven in evidence.

4. Eminent Domain—Defendant Held Estopped to Question Right of Plaintiff to Institute Condemnation Proceedings, where he Accepted Payment of Judgment Awarded in County Court.—Defendant in condemnation proceeding, who accepted amount of damages awarded in county court, and agreed for plaintiff to take possession of easement condemned, was estopped to question right of plaintiff to institute condemnation proceedings or form of procedure.

5. Eminent Domain—Evdience as to Character of Structures Placed on Land Condemned Held Admissible to Enable Jury to Determine to What Extent Owner's Use of Land Would be Affected.—In condemnation proceedings by power company, evidence as to character of structures placed on owner's land, and that they were sufficiently strong to carry wires strung thereon, held admissible to enable jury to determine to what extent owner's use of land would be affected.

6. Eminent Domain.—Testimony of superintendent of power company condemning land for transmission lines that company would ever to his knowledge erect any fences thereon held not prejudicial.

7. Evidence—In Condemnation Proceedings, Witness Might Testify that he Acted as Commissioner and as to Character of Inspection he Made of Premises Condemned, Subject to be Interrogated as Any Other Witness.—On trial to determine amount of damages to be awarded owner of land condemned, witness might properly testify that he acted as commissioner and as to character of inspection that he made of premises, and then to be interrogated as to damage that would result from taking easement condemned.

8. Eminent Domain—Permitting Commissioner to State Amount of Damages Awarded by Commissioners for Land Condemned Held Error, but Not Prejudicial, where Jury Returned a Much Larger Verdict.—On trial to determine amount of damages to be awarded owner of land condemned, permitting commissioner viewing premises to state amount of damages awarded by commissioners, or to undertake to explain basis of award, held error, but not prejudicial, where jury viewed the premises and returned a much larger verdict than that fixed by commissioner.

9. Eminent Domain.—In condemnation proceedings, failure of plaintiff to execute or file with commissioner of county court a bond of indemnity or map of survey, as provided in Ky. Stats., section 1599b-1, held waived, where owners accepted payment of judgment awarded in county court.

10. Eminent Domain.—In condemnation proceedings, in which only surface rights were affected by easement taken, which embraced less than 2½ acres, mostly of steep mountain land, verdict of $600 held not so small as to be flagrantly against the evidence.

C. B. WHEELER for appellants.

A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

By a petition and statement filed in the Floyd county court upon which summons was issued the Kentucky & West Virginia Power Company sought to condemn an easement fifty feet wide and twenty-one hundred and seventy-five feet long over the lands of Benjamin Webb upon which to construct and maintain a high-powered transmission line and telephone and telegraph lines, with the further right to cut any timber endangering its lines and standing within fifty feet of the center line of such easement, the nature and character of the proposed construction being set out in great detail. Summons was issued and served and commissioners appointed to assess the damages in conformity with the statute. Their report awarded the landowner $200.00 damages. No summons was issued on this report, but the defendants appeared and moved the court to quash the service of the summons, and without waiving this motion demurred to the petition and filed written motion to strike certain parts therefrom, and without waiving either of these motions filed answer and exceptions to the report of the commissioners. The county court overruled the demurrer and each of the motions. The plaintiff also filed exceptions to the commissioners' report. The trial resulted in a verdict of $900.00 for defendants. Judgment was duly entered on this verdict and plaintiff paid the amount thereof to the defendants and took possession of the easement and prosecuted an appeal to the circuit court. In that court defendants insisted on the motions and demurrer previously filed in the county court, all of which the circuit court overruled. The trial resulted in a verdict of $600.00 in favor of defendants, whereupon defendants moved the court to dismiss the action notwithstanding the verdict, which was overruled. Defendants were allowed $600.00 in damages, but plaintiff was allowed a recovery against them for the excess

over that sum that it had paid them on the county court judgment. From that judgment this appeal is prosecuted.

In this court appellants insist that the court erred (1) in overruling their motions and demurrer set out *supra;* (2) in the admission of incompetent evidence; (3) in the instruction on measure of damages; (4) in overruling the motion to dismiss the action, notwithstanding the verdict; (5) that the verdict is too low.

1. (a) While the usual form of procedure is for summons to be based on the report of the commissioners, the appellants were regularly summoned to answer the petition, which set out clearly the purposes of the action; and appeared in court at the time specified and filed exceptions to the commissioners' report, and certainly could not be prejudiced by the form of procedure even if it was erroneous. Indeed such procedure has been upheld in Royal Elkhorn Coal Co. v. Elkhorn Coal Corp., 194 Ky. 8, hence defendants were not prejudiced by the order overruling motion to quash return on summons.

(b) The motion to strike relates to the provisions in the petition above set out in which plaintiff sought the right to cut timber endangering the transmission lines and to erect telephone and telegraph lines on the easement, matters pertaining to the maintenance of the transmission line and for which it was proper to procure an easement. We think the court properly overruled this motion.

(c) The demurrer was based on failure of the petition to state that the plaintiff was authorized to sell electricity to the public. It may be said that, while there is an omission in this respect in the petition, this purpose is proven in the evidence, and perhaps cured by the verdict, but aside from this it clearly appears that appellants accepted the amount of damages awarded in the county court and agreed for the appellee to take possession of the easement and thereby estopped themselves from raising any question as to the power of appellant to institute the condemnation proceedings or the form of the procedure, and the only question that could be raised on appeal was the amount of damages to be awarded. See Elizabethtown L. & B. Ry. Co. v. Catlettsburg Water Co., 110 Ky. 175; Ky. Hydro-Electric Co. v. Woodard, 216 Ky. 618, and the same principle would also apply to the motions discussed *supra.*

2.  It is urged that the court erred in permitting appellee's witness to describe the character of the structures placed upon appellants land and to testify that they were sufficiently strong to carry the wires strung thereon.   We think this evidence admissible.   The only land actually taken was that upon which the poles and towers were placed.   Appellee received only an easement in the other land condemned for the purpose of constructing and maintaining its lines and certain named accessories; the use of the land was left to the owner for such purposes as he desired to put it, not inconsistent with the easement, hence it was eminently proper to inform the jury of the nature of the structures and the manner of their construction and maintenance in order that they might determine to what extent the owner's use of the land would be affected.   The superintendent of the power company was also permitted to state that the power company would never to his knowledge erect any fences on the easement.   Naturally it has no use for fences, and we cannot see how appellants were prejudiced by this answer.   One of the commissioners was permitted over defendants' objection to testify that he was appointed and sworn as commissioner and that with the other commissioners he viewed the land and inspected the timber on the proposed easement; that he had a typewritten document showing the rights the company was seeking in its petition and assessed the damages in reference thereto; that they reported $200.00 in damages, and he thought that the correct sum.   We think it was proper for the witness to testify that he acted as commissioner and as to the character of the inspection that he made of the premises, and then to be interrogated as any other witness as to the damage that would result from the easement.   But it was not proper for him on direct examination to state the amount of damages awarded by the commissioners, or to undertake to explain the basis of the award, but in view of all the evidence we hardly think this prejudicial error.   The jury viewed the premises and heard other evidence *pro* and *con,* and returned a much larger verdict than that fixed by the commissioners, hence it is evident that they only considered the witness's statements as his opinion as to damages.   Other objections were made to the evidence which we do not regard as material.

The motion to dismiss notwithstanding the verdict is based on the premise that the record shows that the appellee did not execute or file with the clerk of the county court a bond of indemnity as provided in section 1599B-1, Ky. Statutes, or file a map of survey provided in that section until after this suit was filed, the argument being that these matters are conditions precedent and until they were preformed a suit could not be maintained. We hardly think this a correct construction of the statute; but it is not necessary to consider this question as upon the principle stated *supra* the defendants waived it when they accepted payment of the judgment awarded in the county court.

It is argued that the instruction on the measure of damage is erroneous. Perhaps that instruction is not technically correct, but after a careful inspection of the record we have reached the conclusion that appellants' substantial rights were not prejudiced thereby.

It is earnestly insisted that the verdict was not sustained by the evidence. It is true that defendant's witnesses placed his damages at a much higher figure, while those for the plaintiff fixed it much lower, but the jury viewed the premises and also judged of the credibility of the witnesses and of the weight to be given their testimony. Only the surface rights were affected by the easement, which embraces less than 2½ acres, for the most part of steep mountain land, and we cannot say that their verdict of $600.00 is so small as to be flagrantly against the evidence.

Wherefore, perceiving no error, the judgment is affirmed.