## Akers, et al. v. Kentucky & West Virginia Power Company.

### Melvin Hall, et al. v. Same.

### Isaac Hall, et al. v. Same.

### John S. Williams, et al. v. Same.

### James Williams, et al. v. Same.

### Jasper Williams v. Same.

(Decided November 5, 1926.)

## Appeals from Floyd Circuit Court.

1. Eminent Domain.—Company paying for property condemned and taking possession of it is estopped to refuse to take the property, and on appeal by it from award to landowners in county court is confined to question of damages.

2. Eminent Domain—Landowner Accepting Payment, Yielding Possession, and Not Appealing May Not Question Right to Condemn Because of Failure to Follow Some Statutory Requirements.—Landowner accepting payment of award in county court, yielding possession, and taking no appeal may not question right to condemn in circuit court because of failure to follow some statutory requirements, such as filing map showing desired right of way, effort to agree with owner before suit, and executing bond before preliminary survey.

3. Eminent Domain.—In condemnation proceedings, error in permitting condemnation commissioners to state amount of their award to jury held not prejudicial, where they stated that amount was fair and reasonable.

4. Trial.—Refusal of instruction calling jury's attention to specific parts of evidence is not error.

C. B. WHEELER for appellants.

A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

These six condemnation suits were tried together in the court below and have been heard together here. They will be disposed of by this one opinion.

The appellee wished to condemn through the lands of the appellants a right of way for its transmission line. It instituted condemnation proceedings in the county court to attain that end. The appellants in that court questioned the right of the appellee to condemn at all and also its right to prosecute the instant suits because of its failure to comply with some of the claimed statutory requirements in condemnation proceedings of this character, such as the filing of a map showing the right of way sought, the effort to agree first with the landowner before bringing suit, the execution of a bond before making the preliminary survey and perhaps in other requirements. The county court overruled appellants' objections to the proceedings and the cases proceeded to trial. A verdict was returned in each of the six cases, and thereupon the appellee paid the landowners the verdicts so awarded, took possession of the strip condemned, constructed its transmission line and appealed the cases to the circuit court. The appellants prosecuted no appeal to the circuit court, but there renewed their objections to appellee's right to maintain these suits or any suit to condemn. Again were their objections overruled. On the trial in the circuit court, the amount of the verdicts was in five of the six cases lower than in the county court, and in the sixth case the same. From the judgments entered on these verdicts, appellants appeal.

The first ground relied upon for reversal is the action of the trial court in overruling appellants' objections to appellee's right to maintain these suits or any suit to condemn. As stated, after the verdicts had been returned in the county court, the appellee paid the appellants the amounts of the same, took possession of the strip condemned and constructed its line. Appellants prosecuted no appeal to the circuit court but accepted these payments and peaceably yielded possession of the condemned strips. This being so, the cases come squarely within the rule set out in Kentucky Hydro-Electric Co. v. Woodard, 216 Ky. 618, 287 S. W. 985, wherein, under a like state of facts, we

held that the landowner was estopped after taking no appeal from the county court judgment, but accepting payment for his strip and yielding up possession of the same, to question thereafter the right of the condemnor to condemn the easement sought. We also, in that case, pointed out that while the condemnor could appeal the case to the circuit court, it too was, after paying for the strip and taking possession of the same, estopped from thereafter declining to take the strip and was confined on such appeal to the sole question of how much it should pay for the easement condemned. Although the Woodard case involved only the power of the condemnor to condemn, like reasoning would apply to the question of the right of the condemnor to prosecute the instant suits, because of some failure to follow the statutory requirements. By accepting payment for the strip, yielding up possession and taking no appeal, the landowner waives all such defects. It was so held in the case of Webb v. Kentucky & West Virginia Power Co., 216 Ky. 64, 287 S. W. 232. The Woodard and Webb cases are conclusive of the present ones on this branch, and the circuit court committed no error in overruling appellant's objections to the maintenance of these suits by appellee.

The second contention of appellants falls with the first. In stating their case to the jury in his opening statement, appellants' counsel wished to go into the failure of the appellee to comply with the statutory requirements in condemnation suits above referred to, and the court declined to permit him to do so. As we have seen, such failure, if any, had no place in the circuit court trial, and the court properly excluded from the jury any reference to it in counsel's opening statement, and also any evidence bearing on that proposition.

It is next contended that the circuit court erred in permitting the commissioners appointed by the county court to assess the damages accruing to appellants by reason of these condemnation proceedings to testify in the circuit court concerning the amount of their findings. Only one of these commissioners testified, and it was stipulated that the other two would testify just the same as did the one who did testify. While it is true he stated to the jury the amounts of their findings as commissioners, he also testified that, in his opinion, such amounts were the fair and reasonable value of the lands taken and damaged. In the Webb case *supra* we held

under a similar state of circumstances that while it was error for the court to permit the commissioners to state to the jury the findings of the commissioners, yet where they coupled such testimony with the statement that in their opinions such amount, represented by the finding, was the fair and reasonable value of the lands taken and damaged, the error was not prejudicial. That case is conclusive of this ground urged for reversal.

Lastly it is contended that the court erred in instructing the jury and in failing to give an instruction offered by appellants. While the instructions given may not have been technically correct, yet they were on the whole more favorable to appellants than they had a right to ask. The offered instruction told the jury to consider certain evidence which the court had permitted to be introduced bearing on the question of resulting damage to the lands left after the easement had been taken. The instructions which were given fully authorized the jury to do this although they did not specifically call their attention to this evidence of the appellants. The court committed no error in declining to specifically call the jury's attention to this evidence offered. We have held in a long line of cases, among which are L. & N. v. Woodford, 152 Ky. 398, 153 S. W. 722; C. N. O. & T. P. R. Co. v. Perkins, 204 Ky. 334, 264 S. W. 758, and C. & O. v. Kornhoff, 167 Ky. 353, 180 S. W. 523, that it is not proper for the court to call to the attention of the jury by an instruction particular portions of the evidence, and under the principle of these cases the court did right in declining to give the instruction offered by appellant.

No error appearing prejudicial to any of the appellants' substantial rights, the judgments in each of these cases are affirmed.