COMMONWEALTH ex rel. etc. v.
CRUTCHER et al.

Court of Appeals of Kentucky.
June 19, 1951.

A. E. Funk, Atty. Gen., Jo M. Ferguson, C. J. Waddill, Asst. Attys. Gen., for appellants.

Leslie W. Morris, Marion Rider, Frankfort, for appellees.

LATIMER, Justice.

This action was instituted by the Commonwealth of Kentucky and Franklin County against appellees to condemn a small tract of land for the use of the Department of Highways. The land sought to be taken, consisted of 2.14 acres situated at the junction of the Leestown Pike and the Frankfort-Versailles Highway on which there was a three-room tenant house, a barn 14 by 28 feet, a two-story building, the lower floor of which was used as a coal house and the upper as a printing shop, some outbuildings, a cistern and an orchard.

The farm residence on the property was left untouched, but the right of way on the Leestown Pike side came within twenty feet of one of the rear corners of the residence. The paved portion of the road, however, would be sixty feet from the building at the closest point, and in front of the residence the right of way line would be seventy-five feet from the building, and the paved portion of the road even more distant.

The strip taken by appellants cut the seven acre farm of appellees and left a small triangular tract, containing less than one-half acre, on the north side of the new road, which fronts only on the old Leestown Pike, and an irregular shaped tract, containing about four and one-half acres, on the south side of the new road. Both of these tracts, except for a short distance at one point, are below the level of the new highway.

The fill through the property is six feet high at the east line of the property. At a point 190 feet west of the east property line, the fill is seven and one-half feet high and at a point 290 feet west of the east property line, it is four and one-half feet high. The fill then tapers out and at a point 390 feet west of the east property line, there is a cut of approximately one foot. Such cut continues about 100 feet, then a fill starts and continues to the west property line, where it attains a height of four feet. The parcel on the south side of the new road is now below its level and water from a culvert under the fill drains onto this parcel.

After the parties were unable to agree upon a price, a petition was filed in the Franklin County Court for condemnation of the property, and commissioners were duly appointed to establish the amount of damage. The commissioners set the following valuations:

| | |
|---|---|
| For land taken | $1,712 |
| Fencing | 372 |
| Incidental damage to the remainder | 4,000 |
| **Total** | **$6,084** |

Both parties excepted to this award. By agreement the case was tried in the county court without a jury, and the award was confirmed and judgment entered. The landowners then appealed to the circuit court, where a trial was had before a jury on exceptions filed by both parties.

Both parties introduced numerous witnesses who expressed divers opinions as to damages.

The jury returned a verdict awarding appellees damages:

| | |
|---|---|
| For improvements | $2,128 |
| For acreage taken | 2,500 |
| For fencing | 372 |
| For damages | 5,000 |
| **Total** | **$10,000** |

In urging a reversal of the judgment appellants contend (1) the misleading and

prejudicial opening statement of counsel for appellees warranted a mistrial; (2) there was no competent evidence to justify the amount awarded as damages; (3) the damages awarded were excessive; (4) the court erred in refusing to permit the jury to view the property. These contentions will be discussed in reverse order.

In condemnation proceedings the trial court has a discretion in the matter of sending the jury to view the premises and its decision with respect thereto will not be disturbed except for abuse. Kentucky National Park Commission ex rel. Commonwealth v. Russell, 301 Ky. 187, 191 S.W.2d 214. The language of the statute, KRS 416.050, is that, "Upon the request of either party, the jury may be sent by the court, in charge of the sheriff, to view the land or material." The record affords no basis upon which we may conclude in this case that the refusal to permit the jury to view the premises constituted an abuse of discretion.

We will consider grounds two and three together. The measure of damages for the taking of land for road purposes is the difference between the market value of the land before and after the taking. Adams v. Commonwealth ex rel. State Highway Commission, 285 Ky. 38, 146 S.W. 2d 7.

The adaptability of property for business purposes and its proximity to a growing city is a proper element to be considered in assessing compensation where a part of it is taken for public purposes. Cranley v. Boyd County, 266 Ky. 569, 99 S.W.2d 737. The appellees contend that the strip taken by the appellants has ruined their property for subdivision purposes.

The rule generally is that the finding of the jury will not be disturbed unless it appears that the jury has committed a gross error or acted under bias and prejudice. 18 Am.Juris., Eminent Domain, Section 376, page 1018. Ordinarily the value of a portion of land taken by eminent domain may be proved by opinion evidence since after all the value of the land taken is a matter of opinion. See 18

Am.Juris., Eminent Domain, Section 355, page 999.

As establishing the damage sustained by reason of the taking, the appellees introduced nine disinterested witnesses, four of whom were engaged in the real estate business and five of whom lived in the vicinity of the land taken, all having an intimate knowledge of the property. The range of the damage placed by these witnesses was from $6,750 to $15,000. The range of the condemners' witnesses was from $4,000 to $5,000.

It follows, from the observations above and the law and the evidence, that contentions two and three are not sufficiently impressive to justify a reversal. In fact the evidence affords ample justification for the verdict.

We now direct attention to proposition one above. In his opening statement to the jury, counsel for the landowners made the statement, that commissioners had been appointed to set a value on the property and that they had set a value of $6,000. Counsel for the condemners immediately objected and moved the court to declare a mistrial. The court overruled this motion, but did admonish the jury not to consider the statement.

It is contended that counsel's statement was doubly prejudicial because it tended to contradict condemners' witness, W. F. Carter, who was one of the commissioners. Counsel undertook to question that witness as to whether he had signed the commissioners' report. Upon objection the court refused to allow the report to be read. Counsel, however, again adverted to it by asking the witness on cross examination if he had not fixed the damage at $800 per acre in the report. Although the report was never actually before the jury its existence was emphasized and fixed in the minds of the jury by the question propounded.

It was held in Webb v. Kentucky & West Virginia Power Co., 216 Ky. 64, 287 S.W. 232, and in Akers v. Kentucky & West Virginia Power Co., 216 Ky. 326, 287 S.W. 889, that it was improper for a

commissioner to state the amount of damages awarded by him as a commissioner, or to undertake to explain the basis of the award. In both of these cases, however, the error was held not to be prejudicial on the ground that the recovery exceeded the amount fixed by the commissioners.

It is insisted that the jury was given a false start in its computation of damages which substantially prejudiced the condemners' case. We look more seriously at the finality rather than to an alleged false start in the computation of damages. The total as found originally was approximately $6,000. The finding herein was for approximately $10,000. This amount exceeded the original by approximately $4,000.

 Obviously the statement of counsel calling attention to an amount far less than that finally fixed by the jurors was not prejudicial. The statement of counsel relative to the commissioners' report could not be more effectual than the commissioners' report itself.

Obviously under the authority of the cases above the statement of counsel under the circumstances herein could not have been prejudicial.

The judgment is affirmed.