COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Russell E. BRUBAKER et al., Appellees.

Court of Appeals of Kentucky.

Feb. 7, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Reed Anderson, Paducah, Dept. of Highways, for appellant

E. W. Rivers, Paducah, for appellees.

PALMORE, Judge.

On motion made and granted pursuant to KRS 21.060(2) the Commonwealth appeals from a judgment entered on a verdict awarding the appellees $2,538 [1] in a land condemnation case.

The first complaint is that the three persons who served as commissioners to fix the damages in county court, appearing as witnesses for the landowners at the trial in circuit court, testified to the amount they awarded in county court. Such testimony is, of course, incompetent as evidence in chief, but we need not consider either its competence or possibility of prejudicial effect in this case, because there was neither an objection nor any motion to exclude it.

The only other contention is that the trial court should have excluded much of the valuation testimony given in behalf of the landowners because it did not have sufficient factual support.

Before the taking the land in question was part of a 4.4-acre tract located on the south side of Kentucky Highway 95 in the area of the Calvert City industrial complex

1. $38 of this amount was for a temporary easement.

in Marshall County. It was purchased by the Brubakers in 1957 for $5,000. In this proceeding the highway department took a one-acre strip from the west side of the property, extending almost at right angles from highway 95 and cutting off a small triangular lot of about ⅕ acres. According to Mr. Brubaker this was the highest and best part, and the remainder would require extensive filling, costing perhaps $4,000, to make it commercially usable.

The witness J. B. Conn, one of the county court commissioners, was engaged in the lumber business in Calvert City. He said that he bought and sold real estate in developing land and was of the opinion that the Brubaker property had a market value of $5,000 to $6,000 before the taking and $2,500 afterward. He ascribed this seemingly disproportionate diminution to the fact that the portion taken was the heart of the property, being the only part suitable for a light industrial or business location.

Another of the county court commissioners, Fred Saltsgiver, a resident of Calvert City since 1925, testified that he had bought and sold real estate in the immediate area and "knew what other people were selling their property for along there." His opinion was that the Brubaker tract was worth $5,000 before the taking and that the portion condemned had a fair cash value of $2,500. He said the property left after the taking "wasn't worth much."

The third member of the county court commission, Coleman Riley, was a real estate broker from Benton, the county seat. It was his opinion that the 4.4 acres had a fair cash value of $6,000 and that the value of the portion taken was $2,500. As in the case of the other witnesses for the Brubakers, he said the portion taken was the highest and best ground.

Robert Arnold, a witness engaged in the real estate business in the Calvert City area, testified that property in the vicinity had appreciated in value between the time the Brubakers bought the 4.4 acres in 1957 and the time of the taking in late 1959, and that in his opinion the tract had a market value of $6,000 when the taking occurred and $3,000 afterward. He said, "The best part was taken and the poor part was left." As in the instance of other witnesses, he pointed out that the land left would require extensive filling.

■ The real burden of the Commonwealth's challenge against the landowners' valuation evidence is that it did not rest on comparable sales. This is an oft-recurring argument which we have answered in several recent decisions handed down since the earlier cases, such as this one, were briefed. Under the principles set forth in Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963), there can be no real question as to the competency and sufficiency of the testimony questioned in this case.

We need not consider the probative weight of opinion testimony given by the owner Brubaker. With respect to its competence, hence its vulnerability on a motion to strike and admonish, it clearly was admissible at the time of this trial even if it should be conceded that it might be otherwise since Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720 (mandate issued January 29, 1964).

■ By way of discrediting some of the testimony given by the Commonwealth's appraisers concerning at least one comparable sale, the witness Arnold testified that part of the consideration lay in the fact that the buyer and seller, both industries, used each other's products. Upon learning through cross-examination that the witness did not know this as a fact, counsel moved that the testimony be stricken. The motion was overruled, and we think this was error, but we cannot believe the testimony, as thus impeached, could have had any substantial or prejudicial effect upon the jury.

The judgment is affirmed.