COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

C. C. SWIFT et al., Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Asst. Atty. Gen., Frankfort, James G. Osborne, Covington, for appellant.

David C. Brodie, B. C. Green, Green & Connor, Owensboro, for appellees.

STEWART, Judge.

Appellant, Commonwealth of Kentucky, Department of Highways (herein referred to as the "Commonwealth"), pursuant to KRS 177.081 through KRS 177.089, instituted proceedings in the Daviess County Court to condemn certain property belonging to C. C. Swift and his wife, Mamie, for right of way to construct an interstate highway. An award of $10,300 as recommended by the commissioners was entered by the county court. Both parties appealed to the circuit court, where a jury awarded $12,075 for land taken and damages to remainder. This is an appeal from the judgment entered on that verdict.

· Appellees own a tract of 47.52 acres located on the west side of U. S. Highway 431, approximately one mile and a half south of the city limits of Owensboro. The old road was two-lane and the Common-

wealth is widening it to four lanes with a 36-foot depressed median. This road when reconstructed will be a portion of the interstate system of highways. A strip rectangular in shape, 210 feet long by 31 feet wide, in front of appellees' brick veneer residence is being condemned. The new right of way will come within 11 feet of the porch of their home, and this road will be three and a half feet above their yard. Although appellees will have access to the highway after its completion, such will be by means of an incline. A ditch in front of their yard will be widened and deepened, and a temporary easement 19 by 20 feet was acquired in order to build a new bridge across this ditch.

Two grounds are urged for reversal: (1) Counsel for the landowner was permitted in his opening statement to tell the jury the amount of the commissioners' award; (2) the verdict was based upon evidence in behalf of the landowners as to property values that was incompetent.

Appellees' attorney in his preliminary remarks to the jury mentioned the amount of the commissioners' award, and it is contended that imparting this information was highly improper and therefore prejudicial. Counsel for the Commonwealth immediately objected and moved the trial court to declare a mistrial. The motion was overruled but the objection was sustained and an admonishment was given to the jury not to consider the remark, because such a statement was not only incompetent as hearsay but the case was also being tried de novo.

It is argued by the Commonwealth that the jury, at the outset, had a figure in mind which throughout the trial was used as a guideline to weigh all the testimony. In this connection it is claimed the admonition failed to erase the damaging effect of the remark on the jury. In Commonwealth v. Crutcher, Ky., 240 S.W.2d 605, the commissioners' report was brought to the attention of the jury in the same manner as in the instant case and there, as here, such a reference was ordered excluded with an admonishment being given to disregard it.

This Court ruled that a prejudicial error under the circumstances had not been committed for the reason that the recovery in circuit court exceeded the award fixed by the commissioners. The rationale of that holding is not convincing.

See also Akers v. Ky. & W. Va. Power Co., 216 Ky. 326, 287 S.W. 889, and Webb v. Ky. & W. Va. Power Co., 216 Ky. 64, 287 S.W. 232. In each of these cases the commissioners were permitted to testify as to their findings in county court and, although the admission of such evidence was held to be error, it was determined it was not prejudicial because the commissioners had stated the amounts they had fixed were fair and reasonable values of the lands taken. Cf. Commonwealth, Dept. of Highways v. Evans, Ky., 361 S.W.2d 766.

This statement appears in Orgel in his treatise on Valuation Under Eminent Domain, 2nd ed., Vol. 1, sec. 153, p. 644, footnote 41: "In the absence of statute, other courts have held that it is not proper to permit the jury to be informed of the amount of the award made by the commissioners."

We believe the reference to the commissioners' report in the case at bar was stated to the jurors with a questionable purpose in mind. That purpose was to give them a false standard by which to measure their verdict. An analogous situation is where counsel for one of the parties in a tort action undertakes by adroit tactics to inform the jury that the opposing party has liability insurance coverage. The case of Potter v. Trent, Ky., 262 S.W.2d 186, not only condemned such tactics but reversed the judgment because such tactics were employed. In that case the insurance angle was injected into the case by the artful questioning of two prospective jurors on voir dire examination in the presence of the other jurors who were already selected to try the case.

We conclude the trial court erred in this case in failing to sustain the Commonwealth's timely motion to declare a mistrial, because we are of the opinion that an admonishment under the circumstances did not remove the prejudicial result of the statement of appellees' counsel. As a consequence we shall not follow Commonwealth v. Crutcher, cited above, as to the subject discussed.

The next contention advanced by the Commonwealth is that certain witnesses for the landowner were permitted to testify who did not establish their qualifications and, in addition, gave no reasonable basis to support any of their opinions as to land values. As there will probably be another trial of this proceeding we shall address ourselves to this complaint. Three lay witnesses testified for appellees.

Appellee, C. C. Swift, the landowner, testified to the before and after value of the property. He did not place an estimate on the land taken. He stated that he was informed about and knew "the fair and reasonable market value of property such as his property in the vicinity of his home farm." However, he gave no facts to buttress any of his opinions, which the Commonwealth clearly showed through cross-examination. The next witness who testified was Andy Hardesty, a real estate broker and farm manager. The Commonwealth moved that his testimony be stricken because he failed to state separately the value of the land taken and the damages to the remainder. The trial court sustained the motion. Charles Hayden, a local farmer who also is a director in a local bank and a local insurance company, testified as to the value of the land taken and as to the damages to the remainder. He had had extensive experience in real estate transactions, such as making appraisals for insurance purposes. He knew about most local sales and cited some comparable ones. He had inspected the property.

In the recent case of Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720, it was held the owner of property, in order to testify, must possess the necessary qualifications the same as any

other witness. A qualified witness may testify as to the values of the property taken without stating any factors he took into consideration. See Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W. 2d 472. As the testimony of Swift, the landlord, measured up to these principles, his evidence was competent, and it was within the province of the jury to determine the weight to be given it. It will be noted that the evidence of Hardesty was ordered stricken for the reason that his testimony did not apportion the value of the land and the amount of the damages. Under the law as it presently exists a witness may not separate the taking damages from the resulting damages. See Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, 854. Appellees' witness Hayden in our opinion was clearly qualified to testify about the valuations in controversy. See 32 C.J.S. Evidence § 545, p. 299, which is cited with approval in Commonwealth, Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851.

Wherefore, the judgment is reversed for further proceedings in conformity with this opinion.

PALMORE, Judge (dissenting)

I dissent from the majority opinion on this limited ground, that so long as we continue allowing a person who served as commissioner in the county court to appear in the role of a valuation witness in the circuit court trial, and to be identified to the jury as having been one of the county court commissioners in the same case, it is useless to pretend that the jury is not going to assume that the amount of his appraisal at the trial reflects the amount of the commissioners' award in county court. Therefore, we are in the position of holding the information prejudicial if spoken, and not prejudicial if implied. I find this an untenable distinction. If the information is prejudicial, the better solution would be to change the rule permitting the witness to disclose that he served as one of the commissioners in county court.