**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**William L. McQUOWN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 29, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Charles W. Huddleston, Dept. of Highways, Bowling Green, for appellant.

Marion Vance, Glasgow, for appellees.

WILLIAMS, Judge.

The appellant, Commonwealth of Kentucky, Department of Highways, built a limited access bypass around the City of Glasgow. The road ran through the appellees' farm, which is located at the city lim-

its. 5.68 acres were taken for construction of the road, leaving 14.74 acres on one side and 38.33 acres on the other. A Barren Circuit Court jury awarded the appellees $10,000, and the Commonwealth has appealed.

■ The first alleged error assigned by the Commonwealth pertains to the testimony of the landowners' witnesses regarding the highest and best use for which the property was adaptable. Some witnesses testified the highest and best use was for farming purposes, others for commercial purposes, others for subdivision purposes, and some for a combination. The Commonwealth argues that this confused the jury and resulted in a higher award than would otherwise have been granted. However, it seems entirely feasible to us that evaluation witnesses may logically differ in their opinions as to the highest and best use of property. The fact that one expert differs with another does not disqualify either as a witness.

■ One of the landowners' witnesses used in his calculation a factor which technically amounted to a duplication. It was a factor which could have been explained and corrected had he been given the opportunity so to do. In Commonwealth, Department of Highways v. Mayes, Ky., 388 S.W.2d 125 (1965), we said that, if a witness was able to revise his figures by eliminating an improper factor and give an opinion on the correct basis, he should be permitted to do so. Here the Commonwealth moved to strike the witness's testimony in its entirety. It should have directed its motion to the objectionable testimony which would have been sustained. The witness would then have been afforded an opportunity to state his opinion based upon proper factors. The trial court correctly overruled the motion to strike the witness's testimony in its entirety.

■ The award set by the county court commissioners was $13,330. The Commonwealth appealed from the county court judgment, but the landowners did not, and it was agreed between the parties that $13,330 was the top limit the jury could award in this action. In his opening statement to the jury, counsel for the landowners advised the jury that they were limited to that amount, but he did not state that that was the amount of the judgment in the county court. It is argued by the Commonwealth that the amount which was set by the county court commissioners was improperly brought to the attention of the jury and, as a consequence, a reversible error resulted. It is true that the award made by county court commissioners is inadmissible and may not be commented upon. Commonwealth, Department of Highways v. Swift, Ky., 375 S.W.2d 691 (1964). As heretofore stated, however, the landowners' attorney did not advise the jury that the $13,330 figure was the county court commissioners' award, nor did he specifically bring out that fact in testimony taken at the trial. On the other hand, the Commonwealth did bring to the attention of the jury who the three county court commissioners were and the manner in which they made their determination of the value. The Commonwealth cannot now object to the admission of evidence for which it was primarily responsible. Moreover, there was no showing that the Commonwealth was prejudiced by the introduction of that testimony, in view of the fact that the jury's $10,000 verdict was considerably lower than the county court commissioners' figure.

■ Finally, the Commonwealth argues that the verdict was excessive. The landowners' witnesses testified the difference in value of the property before and after the taking was anywhere from $12,500 to $25,000. The Commonwealth witness placed the difference at $4,525. The county court award was for $13,330, but this jury allowed only $10,000. We are of the opinion that a $10,000 verdict resulting from the taking of almost six acres of land lying at the city limits of Glasgow is not an excessive award.

The judgment is affirmed.