COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

G. D. JOHNSON et ux., Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1966.

Rehearing Denied July 1, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

J. Granville Clark, James C. Lyne, Russellville, for appellees.

HILL, Judge.

This appeal is from a $5,000 verdict and judgment in a condemnation proceeding to acquire .22 of an acre in fee and .09 of an acre for a permanent easement to be used in the improvement of US 68 in Logan, County.

Assigned as grounds for reversing the judgment are the following arguments: (1) it was prejudicial error for the trial court, on motion of appellees, to direct a new appraisal after appellant alone had appealed from the county court judgment; (2) it was error to permit the three commissioners appointed by the county court to testify as to their appraisals; and (3) testimony concerning the special purpose for which appellees acquired the property should have been excluded.

The commissioners appointed by the county court filed a report giving appellees $3,910. During the trial in circuit court, it developed that the commissioners were mistaken as to the boundaries of the subject property as well as the nature of the permanent easement. Counsel for appellees moved the court to set aside the county court judgment which was overruled, but the circuit court entered an order appointing the same three commissioners who were appointed by the county court. They filed a second report with the circuit court in which they awarded appellees $5,000. Appellees argued in the circuit court that the appointment of commissioners in the county court was a jurisdictional necessity and

that the case should be remanded to the county court. Now, appellees take the position the circuit court took the "only action consistent with the law of the Commonwealth of Kentucky."

Appellant argues the circuit court erred in appointing commissioners and cites Commonwealth, Department of Highways v. Berryman, Ky., 363 S.W.2d 525 (1962), and Bullitt v. Commonwealth, Department of Highways, Ky., 298 S.W.2d 290 (1957). These cases do not support appellant's position. On the other hand, they furnish some authority for the holding that the circuit court committed no prejudicial error in appointing commissioners. The Berryman and Bullitt cases only uphold the provisions of the statute that condemnation cases are tried "de novo" in circuit court.

A determination of this nice question leads us to examine the purpose of appointing commissioners in county court. It is necessary under the statute and the Constitution that "just compensation" be given a property owner before he may be deprived of his property in eminent domain cases. In order that the amount of "just compensation" be determined speedily and without the necessity of waiting for a jury verdict and term time, the Legislature wisely provided a substitute. If no exceptions are filed by either party, the award of the commissioners provides the basis for determining "just compensation" and a final judgment from which neither party may appeal insofar as the amount of the judgment is concerned. If either or both parties file exceptions and appeal to the circuit court, a trial is had "de novo." See the Berryman case, supra. In the case at bar, only the Commonwealth filed exceptions to the award of the county court commissioners. Therefore, the only question in issue in circuit court was whether the amount of the county court judgment was excessive. Appellees, not having taken exception to the amount of the county court award, were limited on the appeal to the circuit court to the amount of the award in county court.

We conclude that a mistake on the part of the county court commissioners, either as to the amount of land taken or as to the nature of easement sought, in no way affected their award and furnishes no grounds for setting aside their report. Both appellant and appellees were interested only in the total dollar award. Neither had a right to be present or to be heard by the commissioners. Both had a right to except and appeal. Neither had a right to jury trial in county court. An error or mistake in arriving at an award regular on its face does not render it invalid. The amount is the vital question; and if it is not satisfactory, the remedy is by appeal on that issue alone. We think the circuit court should have limited the recovery to $3,910, the amount of the first award, which was apparently acceptable to appellees. The second appointment of the same appraisers was a nullity.

We now turn to the testimony of the commissioners that they made the award in their capacity as "county court commissioners." The only reasonable construction of the two narrative bills of evidence (both approved by order) is that each of the three witnesses, Newberry, Long, and Dickinson, testified that in his capacity "as county court commissioner" he fixed the damages at $5,000. This is a clear and unequivocal violation of the rule in Commonwealth, Department of Highways v. Swift, Ky., 375 S.W.2d 691 (1964). This Court has consistently considered such evidence incompetent and prejudicial. See also Commonwalth, Department of Highways v. Brubaker, Ky., 375 S.W.2d 404 (1964); Commonwealth, Department of Highways v. Raleigh, Ky., 375 S.W.2d 384 (1964); Dinwiddie v. Urban Renewal and Community Development Agency of Louisville, Ky., 393 S.W.2d 872 (1965).

Finally, appellant complains of the testimony of Mrs. G. D. Johnson relative to her reason for the purchase of the farm out of which the land herein sought was taken. The reason being so that she could be near

her relatives and enable her husband to tend the farm. This evidence was incompetent and will not be permitted on another trial should there be one.

The judgment is reversed for a new trial consistent herewith.