### WEST FORK CLARKS RIVER WATERSHED CONSERVANCY DISTRICT, Appellant,

v.

### Nona Beach RANSBOTTOM et al., Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1967.

Wm. Donald Overbey, Overbey & Overbey, Murray, for appellant.

John A. Gregory, Jr., Hughes & Gregory, Murray, for appellees.

STEINFELD, Judge.

Nona B. Ransbottom with her husband, James Ransbottom, owns a farm in Calloway County consisting of about 86 acres. It is located about 15 miles from Murray, Kentucky. The West Fork Clarks River Watershed Conservancy District sued to condemn a permanent easement over 16.5 acres of bottom land. KRS 262.745. The taking left about 4 acres of the remaining land without access. The district was formed under the provisions of Chapter 262 of the Kentucky statutes. From a judgment awarding the owners $4,500.00 the district appeals. We reverse.

The petition alleged that the action was filed in the circuit court. KRS 262.745, 104.170, 94.680 and 94.720. The court appointed three commissioners. The record shows that they "were duly sworn to faithfully and impartially discharge their duties under the provisions of KRS 262.700, 262.745, 104.170, 94.680, 94.720." These commissioners filed a report awarding the owners $2,500.00 but furnished no information as to the basis of that award. The district filed no exceptions but voluntarily paid into the court the amount of the award. The owners moved that the commissioners be required to reappraise the property and make a detailed finding of damages. The district then joined in that motion. It was sustained and the commissioners made a second report in which they fixed "the sum of $2,750.00 as the value of the use and occupation and ownership of the land to be taken, * * * $250.00 as the incidental damages resulting to the

adjacent lands * * *," but they deducted $500.00 by reason of advantages and benefits from the project. The second award was the same as the first $2,500.00. Again the district filed no exceptions but the owners excepted to the report.

When the case came on for trial the district moved for a continuance on the claim that the second report was improper but this motion was denied. A pretrial conference was held and pretrial order was entered. CR 16.

Since the condemnors had filed no exceptions to the commissioners' report the burden of proof was on the owners. KRS 94.710.

Counsel for the owners, in his opening remarks to the jury, among other things said:

"Now, pursuant to these proceedings as a part of the taking, there is an appraisal made by persons appointed by the court.

* * * * * *

Appraisers are appointed by the Court. They go to the property. They appraise it. They submit their appraisal. Mrs. Ransbottom and her husband looked it over, if they do not agree that this is what they think is a fair appraisal of their property, they object to it.

* * * * * *

This means that they do not accept the amount that is awarded by the commissioners that have been appointed. This is what happened in this case.

* * * * * *

The amount that we have excepted to was twenty-five hundred dollars ($2,500.-00)."

The attorney for the district objected and moved that the swearing of the jury be set aside and a mistrial declared. The motion was overruled. No motion was made that the jury be admonished not to consider the statement.

Contending among other things that the court was in error in not discharging the jury because counsel for the owners stated in his preliminary remarks the amount of the award made by the commissioners, the district insisted that a new trial should be granted. That is one of the principal points on which it relies in this court. It cites Com., Dept. of Highways v. Swift, Ky., 375 S.W.2d 691 (1964). In Swift and the case before us, the lawyer for the owner in the opening remarks, told the jury the amount of the commissioners' award. In both cases the condemnors' counsel objected and moved for a mistrial but the motion was overruled. In Ransbottom no admonition was requested and none was given. In Swift the jury was admonished that it should not consider the remarks. In both cases the verdicts of the jury were larger than the amount which the commissioners awarded. In departing from some earlier rulings of this court we said in Swift:

"This statement appears in Orgel in his treatise on Valuation Under Eminent Domain, 2nd ed., Vol. 1, sec. 153, p. 644, footnote 41: 'In the absence of statute, other courts have held that it is not proper to permit the jury to be informed of the amount of the award made by the commissioners.'

"We believe the reference to the commissioners' report in the case at bar was stated to the jurors with a questionable purpose in mind. That purpose was to give them a false standard by which to measure their verdict. An analogous situation is where counsel for one of the parties in a tort action involving an automobile accident undertakes by adroit tactics to inform the jury that the opposing party has liability insurance coverage. The case of Potter v. Trent, Ky., 262 S.W.2d 186, not only condemned such tactics but reversed the judgment because such tactics were employed. In that case the insurance angle was injected into the case by the artful questioning of two prospective jurors on voir dire examina-

tion in the presence of the other jurors who were already selected to try the case.

"We conclude the trial court erred in this case in failing to sustain the Commonwealth's timely motion to declare a mistrial, because we are of the opinion that an admonishment under the circumstances did not remove the prejudicial result of the statement of appellees' counsel."

Although counsel for-the owners attempts to show a difference in these cases we perceive no distinction, except that in Swift the admonition was given. Here none was requested or given. The law announced in Swift and reaffirmed in Com., Dept. of Highways v. McQuown, Ky., 395 S.W.2d 586 (1965) is applicable to the case before us. In Com., Dept. of Highways v. Johnson, et ux., Ky., 403 S.W.2d 691 (1966) we said:

"  *   *   *   the three witnesses, Newberry, Long, and Dickinson, testified that in his capacity 'as county court commissioner' he fixed the damages at $5,000. This is a clear and unequivocal violation of the rule in Commonwealth, Department of Highways v. Swift, Ky., 375 S. W.2d 691 (1964). This Court has consistently considered such evidence incompetent and prejudicial. See also Commonwealth, Department of Highways v. Brubaker, Ky., 375 S.W.2d 404 (1964); Commonwealth, Department of Highways v. Raleigh, Ky., 375 S.W.2d 384 (1964); Dinwiddie v. Urban Renewal and Community Development Agency of Louisville, Ky., 393 S.W.2d 872 (1965)."

The attorney for the Ransbottoms improperly told the jury that the appraisal made by persons appointed by the court was $2,500.00. The failure of the trial court to sustain the motion for the mistrial was error.

Other errors are claimed but to discuss them would unnecessarily lengthen this opinion. The many decisions we have rendered in eminent domain proceedings since the trial of this case will furnish the information needed for a new trial according to the law as it exists today.

The judgment is reversed.

All concur except OSBORNE, J., who did not sit.